## STATE ex NICHOLS v INDUST COMM et

Ohio Appeals, 2nd Dist, Franklin Co

No 2498. Decided May 14, 1937

Carrington T. Marshall, Columbus, for relator.

Herbert S. Duffy, Attorney General, Columbus, and Eugene Carlin, Asst. Attorney General. Columbus, for respondents.

### OPINION

By BARNES, PJ.

The above entitled cause is in this court as an original action praying for a writ of mandamus requiring the Industrial Commission of Ohio to grant a rehearing on relator's claim.

This is the fourth opinion that has been written in this court on various questions raised by the parties.

In the first opinion the cause was dis-

missed on the ground that this court did not have jurisdiction to hear the action. On error proceedings to the Supreme Court judgment was reversed and the cause remanded for further proceedings according to law.

In the second opinion respondents' general demurrer to plaintiff's petition was overruled.

In the third opinion relator's general demurrer to respondents' answer was overruled.

Thereafter relator filed a reply.

The cause is now before us on the merits for determination on the pleadings and the evidence.

The following is a brief summary of pertinent facts as presented through the pleadings and evidence.

The relator claims to have sustained an injury on or about February 23, 1931, but continued to work until February 1, 1932. During all of this time he received his usual wage from his employer. Immediately following the injury in 1931 the Industrial Commission recognized its jurisdiction over said injury and paid the medical expenses to the physicians attending the relator with relation to said injuries.

No compensation was paid to the relator by reason of the fact that he lost no time from his employment on account of said injuries, and the further fact that he was paid full wages without deduction. The claimed injury was a sacro-iliac strain.

On February 1, 1932, relator was compelled to entirely cease his employment. Thereafter he invoked the continuing jurisdiction of the Industrial Commission by making application for compensation and submitted himself to medical examination. On October 11. 1932, his claim for compensation was denied. Within thirty days claimant filed with the Commission an application, which was entitled "Application for Modification of Award," which relator claims was in fact an application for rehearing.

The entire controversy revolves around this document. Counsel for relator contend for a liberal construction of this document.

Relator was not represented by an attorney at the time of filing his application. A layman with authority to prosecute claims before the Commission applied for a blank and filled it out for the relator. Relator himself had no knowledge of the required procedural steps. This layman testifies that he contacted a clerk in the Industrial Commission's office, and advised

him that he wanted blanks for a rehearing. It is further urged that there had been no award, and consequently there could be no application for modification of award; that the only application that could properly be made was an application for rehearing.

Contra this position, it is the contention of counsel for the Commission that no application for rehearing was filed within thirty days, and that the document filed could not be given a construction other than an application for modification of award.

Sec 1465-91, GC, reads as follows:

"Such commission shall not be bound by the usual common law or statutory rules of evidence or by any technical or formal rules or procedure, other than as herein provided; but may make the investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of this act."

We have before us a copy of the application signed by the relator.

It appears from its contents very doubtful if any layman would be able to understand that it was not an application for rehearing. In fact, lawyers not having experience with Industrial Commission claims might have the same difficulty.

We think it would be very technical and unjust to deny relator a hearing, particularly in view of the fact that no award has been made and hence there could be no application for a modification. What relator wanted was a rehearing, and this should be readily discernible from the state of the record.

The writ will be allowed.

HORNBECK and GEIGER, JJ, concur.