## STATE ex BROWN v INDUSTRIAL COMMISSION

Ohio Appeals, 2nd Dist, Franklin Co

No 2952. Decided February 10, 1939

Cowan, Adams & Adams, Columbus, Lowell C. Bodey, Urbana, for relator.

Thomas J. Herbert, Attorney General, Columbus, and E. P. Felker, Asst. Atty. Gen'l., Columbus, for respondent.

### OPINION

By HORNBECK, PJ.

The action is for a writ of mandamus requiring the respondent to grant the relator a rehearing on an application for modification of an award.

The question is whether or not a paper marked, "Application for Reconsideration", filed on March 13, 1936, has the force and effect in law of an application for rehearing. It must be conceded that if the application is for a rehearing it is filed within time and testimony should be ordered taken pursuant to §1465-90, GC.

The causes are submitted on an agreed statement of facts which is somewhat lengthy and which we do not set out.

The application under consideration bears the heading "Application for Reconsideration". After formal parts it recites: "Said applicant hereby makes application for a reconsideration of said finding for the following reasons." There is then set up the result of an examination by a Doctor Hyer to whom the commission had referred the application, the result of which examination suported the claim of applicant. It is suggested that greater weight should be given to Dr. Hyer's finding.

The application is concluded, "Wherefore said applicant requests that said finding be reconsidered and revoked **and the claim again heard.**"

Suffice to say that in our judgment this application was sufficient to put the commission upon notice that the applicant was requesting a rehearing of her claim. In substance it set forth sufficient to constitute such an application. In this situation the commission should have accorded to the applicant that action which would be most beneficial to her under the statute. It is obvious that the applicant would desire such action by the commission and the spirit of the Workmen's Compensation Act requires that procedural as well as substantive questions arising under the act shall be construed liberally in favor of the applicant.

The writ may issue as prayed.

BARNES and GEIGER, JJ concur.