OPINION
BY THE COURT:
The above-entitled cause is now being determined on respondent’s demurrer to plaintiff’s petition.
Plaintiff’s action is one in mandamus, originating in our court, wherein relator seeks a writ requiring respondent to rehear upon the merits of his claim.
Respondent filed an answer setting out two defenses, the first of which made certain admissions of the allegations of relator’s petition, but concluded with a general denial; and the second of which was a demurrer on the ground that relator’s petition did not state facts sufficient to constitute a cause of action.
At the hearing counsel for relator elected to have the court pass upon the demurrer rather than proceed upon a presentation of the merits of the case. His method of procedure was concurred in by respondent, and hence at this time we have before us the sole question as to whether or not the petition states a cause of action.
Relator’s petition is very lengthy, consisting of six closely typewritten pages, together with a two and one-half page affidavit appended... The demurrer requires a very full and careful reading of the petition,, and this we have done.
We find it necessary to make a complete statement of the substance of the petition, upon which, the claimed issues arise. ■
On or about November 10, 1939, relator alleges that in the course' of his employment as an employee' of the Buckeye Manufacturing and Foundry Company, at Overpeck,, Butler County, Ohio, he sustained an injury to his right foot; that as the time and before, the Foundry-Company was a contributor to the- *511 Workmen’s Compensation Fund а. nd amenable thereto.
His claimed injury was caused by the shank of a ladle relator was handling in his employment accidentally slipping off the ladle and striking his foot; that such injury became progressively worse and necessitated the amputation of the right leg above the knee, which amputation was performed on July б, 1940.
On September 7, 1940, relator duly filed with the respondent an application on the required form, C-l, setting out requisite facts upon which he based his claim for compensation.
Respondent referred said application to the Dayton Board of Claims, and on November 23, 1940, said Dayton Board disallowed said claim by its order in the following language:
“That the claim be disallowed for the reason that proof on file does not show that claimant’s disability was the result of an injury sustained in the course of or arising out of employment.”
On December 11, 1940, relator received notice from respondent’s Columbus office of the order of the Dayton Board, which notice bore on its face the date of December 10, 1940. Enclosed with said notice of disallowance was also a further notice and statement that Application for. Reconsideration, Review or Modification might be filed on or before December 18, 1940.
The next step in the proceedings as alleged in the petition is set out verbatim:
“Relator employed counsel and authorized him to file an application for rehearing of said claim as provided in §1465-90 GC, and his counsel requested of defendant the proper form for making such application for rehearing, and in response to such request, defendant gave Plaintiff’s counsel a form la-belled “Application for Reconsideration, Review, or Modification of award, order, or decision of Board of Claims,” which Relator and his counsel believed to be the proper form for making application for rehearing under the provisions of §1465-90 GC.
Relator filled out said form by writing therein as his ground for relief against said order of the Dayton Board of Claims, the following :
“1. The claimant had been treated by two other physicians and their. testimony was not brought out.
2. The claimant had no opportunity to face the witnesses and examine and cross-examine them.”
And as the relief desired the following:
“That the claim of the claimant be allowed.”
Relator did not allege in said application that the decision of the Dayton Board of Claims was either clearly against the weight of the evidence or contrary to law, and made no complaint against said order which could be presented or remedied by the procedure known as “Reconsideration, Review, or Modification of award, order, or decision of the Board of Claims,” but stated as his grounds for relief only grounds requiring for remedy, a rehearing under §1465-90 GC.
Said form, with the allegations aforesaid was mailed from the City of Hamilton, Ohio, by Relator’s counsel, addressed to the Defendant at Columbus, Ohio, on December 17, 1940. In the usual *512 course of mail a letter mailed at Hamilton on one day is delivered in .Columbus the following day, but Defendant stamped said paper, filed December 19, 1940.
The Defendant did not acknowledge receipt of such paper, or advise that it considered it an Application for Reconsideration, Review, or Modification of award, order or decision of the Board of Claims until more than thirty (30) days after the receipt of notice by Relator of said order of the Dayton Board of Claims, but immediately after the expiration of thirty days from Relator’s receipt of the order of the Dayton Board of Claims, to-wit, on January 14, 1941, Defendant entered an order in the following language:
“It appearing from proof of record that claimant’s Application for Reconsideration of the order of the Dayton District Board of Claims at hearing of November 28, 1940, was not filed within the period specified in the Commission’s rules made and provided pursuant to §1465-44a GC, it is ordered that said application be dismissed.”
•and on January 17, 1941, sent Relator a copy thereof.
Defendant delayed acknowledgement of receipt of said paper la-belled “Application for Reconsideration, Review or Modification of award, order or decision of Board of Claims,” and delayed any action thereon for the purpose of depriving Relator of his right to a rehearing under the provisions of §1465-90 GC.
On February 11, 1941, Defendant mailed to^ Relator a communication stating that his application was filed one day late and advising that Relator might file an Application for Rehearing of said order of the Dayton Board of Claims on or before February 16, 1941, and enclosing a form for that purpose.
Relator did file another application for rehearing before February 16, 1941, but on March 17, 1941, Defendant entered an order dismissing said application in the following words:
“That claimant’s application for rehearing filed February S, 1941, be dismissed for the reason that said application was not filed within thirty days from the date claimant received notice of the order of disallowance of this claim as provided by §1465-80 GC.”
and notified Relator thereof.
On April 25, 1941, relator filed with respondent motion, which in substance asks that his application bearing date of December 19, 1940, be considered as an Application for Rehearing, and a hearing allowed either on that application or the application dated February 7, 1941, for the following reasons:
1. The application marked filed December 19, 1940, was filed in time for a rehearing application.
2. The application marked filed December 19, 1940, is in fact an application for rehearing and makes the further claim that the relief prayed for could be granted only on rehearing on the merits; that no complaint was made against the order on any ground subject to remedy by reconsideration; that the grounds stated do not amount to a claim that the finding of the Dayton Board was either contrary to law or against the weight of the evidence; and, further, that the application clearly states that claimant desired a hearing on evidence ' not before the. Dayton Board, with the right to cross-examine the witnesses, etc.
3. The motion makes the fur *513 Iher claim that the refusal to consider 'the application marked filed December 19, 1940, as an application for rehearing would violate the provisions of §1465-91 GC, providing that the Commission shall not be bound by formal or technical rules.
4. It is highly probable that the application marked filed December 19, 1940, in fact reached the Commission in time for a technical application for reconsideration, since it was mailed in ample time to reach the Commission within eight days.
5. Quotes from §1465-44a GC, which in substance provides that when an application for reconsideration is filed the time for filing an application for rehearing shall run from the notice of its disposition, and that no exception is made to the grounds of denial which would delay the beginning of the 30 day period, because it failed to reach or was stamped by the Industrial Commission within the eight day period.
On June 9, 1941, respondent entered an order denying said motion in the following words:
“This case again coming on for hearing upon the motion of counsel for claimant filed herein under date of April 25, 1941, briefs having been duly filed by counsel, it is the order of the Commission that said motion of claimant’s counsel be dismissed and the Commission’s order of March 17, 1941, be reaffirmed.”
Copy of the order was mailed to relator on June 11, 1941.
The petition further sets out in full the rules of the Commission promulgated on or about August 28, 1939, entitled “Rules with Reference to Applications for Reconsideration, Review or Modification of Awards, Orders or Decisions of Board of Claims.” It is ascertainable that these rules were formulated under the authority of §1465-44a GC.
“Rule 1. Any claimant or employer, dissatisfied with any award, order or decision of a Board of Claims, may file with the Industrial Commission of Ohio at Columbus an Application for Reconsideration, Review or Modification, setting forth the finding complained of, the reasons for his objections to such finding, and the extent t.o which he requests the award, order or decision modified.
Rule 2. Applications for Reconsideration, Review or Modification of an Award, Order or Decision of a Board of Claims must be filed in the Columbus office of the Industrial Commission within eight (8) days after the date on which notice of such award, order or decision is mailed to the claimant and employer. No payment shall be made by the Industrial Commission of Ohio on any award made by a Board of Claims until after the period for filing an Application for Reconsideration, Review or Modification has expired.
Rule 3. At the time notices of award, order or decision of a Board of Claims are mailed, the claimant and employer shall be notified of their right to file an Application for Reconsideration, Review or Modification, and shall be advised as to the last date on or before which such Application must be filed.
Rule 4. Upon the filing of an Application for Reconsideration, Review or Modification of an Award, Order or Decision of a Board of Claims, such Application shall be reviewed by the Commission, or by a deputy designated by the Commission and, unless it appears that the award, order or decision of the Board of Claims is clearly against the weight of the *514 evidence or contrary to law, the Application shall be dismissed. If it appears that the award, order or decision of the Board of Claims is clearly against the weight of the evidence or contrary to law, the Apclaim shall be referred for review and assigned for hearing before the Commission, and the claimant and employer and their representatives, if any, shall be notified by mail of the time and place of such hearing.
Rule 5. In determining what action shall be taken with reference to an Application for Reconsideration, Review or Modification of an Award, Order or Decision of a Board of Claims, only the evidence contained in the claim record at the time such award, order or decision was made by the Board will be considered.”
Counsel for relator in their brief very properly state that the petition presents four issues, and a iavorable decision upon any one ol such issues would entitle relator to the relief prayed for.
TIRST ISSUE:
“Whether a paper labelled ‘Application for Reconsideration, Review of Modification,’ which was filed by relator within 30 days following a jurisdictional denial by the Dayton Board of Claims, is sufficient to constitute an application for rehearing.”
Abstractly, this question must be -answered in the negative, but it Is correct to state that the label or blank used does not always determine the character of the paper filed. In other words, even tho the application was filed on the "usual blank provided for such purpose and was designated as an application for reconsideration, review or modification, it may still be considered as an application for rehearing if the substance of the document clearly indicates that it was in fact intended as an application for rehearing.
State ex rel. Griffey v Industrial Commission, 125 Oh St 27;
State ex rel. Brown v Industrial Commission, 28 Abs 513;
State ex rel. Nichols v Industrial Commission, 24 Abs 683;
Industrial Commission v Willenburg, 39 Oh Ap 162.
We are unable to say that the: cited cases are absolutely determinative of the question in the instant case. The cited cases do no more than announce the principle, and it is still necessary to determine whether or not under the alleged facts in the instant case, the principle may be given application.
The Code (§1465-44a GO provides as a procedural step applications for reconsideration, review or modification of award. This same section provides for promulgation of rules by the Commission relating to this type of application. These rules within proper limits attain the status of law.
The section and the rule require the Commission to advise the claimant as to his right to file such application. It is not a. necessary step as a condition precedent to perfecting an appeal. It should only be employed when objection is made that an adverse order is contrary to the weight of the evidence or the law. If this character of objection to the order is not desired to be made, then it should not be filed at all.
Being a statutory prescribed procedure, courts will be slow to give it a contrary characterization, unless it clearly appears that such was the intention. In determining this issue no formula can be promulgated which will be applicable *515 in all cases. Every case must stand on its own bottom and be determined by its particular facts.
In considering this issue on demurrer, it is necessary that we accept as true all well pleaded facts. A careful reading of the petition discloses that many allegations are mere conclusions. The relator in his petition merely sets forth certain statements allegedly contained in his application, but we do not have before us the entire application.
With considerable doubt we are constrained to the view that the petition on this issue is good as against a demurrer.
SECOND ISSUE:
“Whether the running or the time for filing an application for rehearing was postponed by §1465-44a GC, until the decision of the Commission upon an application for reconsideration, review or modification, when such decision was not filed until 9 days after the mailing of notice of the decision of the Board of Claims.”
The pertinent portion of §1465-44a GC reads as follows:
“The 30 day period within which an application for rehearing under '§1465-90 GC may be filed, shall not begin to run until the claimant has received notice of the decision of the Industrial Commission upon such application for review.”
It is our determination that the 30 day period within which an application for rehearing may be filed is not tolled unless the application for reconsideration, review or modification was filed within the time prescribed by §1465-44a GC.
To hold otherwise would have the effect of removing the 30 day provision. For instance a claimant against whom an adverse order had been made, a year later might file his application for reconsideration, review or modification, and if dismissed for the reason that the same was not filed within the time prescribed under the pertinent section of the Code, then file his-application for rehearing within 30 days and make the claim that the statute was tolled in the interim.
THIRD ISSUE:
“Whether the eight days limited-, by respondent’s rule 2, for filing an application for reconsideration, review or modification, runs from, the deposit of the notice of the decision of a Board of Claims in the-mail at Columbus, or from its delivery by mail to the claimant at his address.” ■
The pertinent portion of Rule 2 of the Commission reads as follows:
“Rule 2. Applications for Reconsideration, Review or Modification of an Award, Order or Decision of a Board of Claims must be. filed in the Columbus office of the-Industrial Commission within eight. (8) days after the date on which notice of such award, order or decision is mailed to the claimant and employer.”
Under the very plain terms of the language of this rule, the eight days period starts on the day that the notice is mailed. This language will not permit of a construction that it means when received by claimant through the-mail.
We are not concerned with the-' *516 question as to which might be the preferable rule, except to consider and determine whether or not the rule is reasonable. If ample time is given for the claimant to receive the notice and then file his application, this would be sufficient to declare the rule reasonable.
Under Issue 3 the further inquiry is made:
“And if such time runs from the deposit in the mail at Columbus, whether failure of the respondent to notify a claimant of his right to file an Application for Reconsideration, Review or Modification, and the time limited therefor ‘at the time the notices of * * decision of a Board of Claims are mailed,’ as required by Rule 3, postpones the running of the time for filing such application until the claimant be notified.”
We discussed this question under the Second Issue, and nothing further need be said at this time.
FOURTH ISSUE:
“Whether a claimant for compensation is to be denied the liberality in perfecting an appeal after an adverse decision of the Industrial Commission, which the Supreme Court accords a litigant, In perfecting an appeal from the judgment of a court of law.”
We are inclined to think that this claim Issue 4 is an argument, rather than an issue. We are unable to follow counsel for relator’s argument as applicable.
The reference made to court appeals and the court decisions thereunder can not be given application to the question in the instant case.
Certain procedural requirements under the Industrial Insurance law are jurisdictional and may not be waived through claimed liberality of construction. The new Procedural Act providing for appeals also provides the jurisdictional requirements and, of course, these must be complied with.
It is further provided under the Code that certain things are not jurisdictional, and further provisions are made for amendment, etc.
Claimants under the Industrial Insurance Act have only such rights as are prescribed by statute. If provisions of the statute or applicable rules provide things must be done within a certain time, this is jurisdictional and neither the Commission nor the courts have any right to waive it.
We hold against relator under Issues 2, 3, and 4. As heretofore indicated, we determine that the petition is good as against a demurrer under Issue 1.
Entry may be drawn accordingly.
GEIGER, PJ„ BARNES, J., HORN-BECK, J., concur.