**STATE ex CATON, Plaintiff v. INDUSTRIAL COMMISSION, Defendant.**

Ohio Appeals, Second District, Franklin County.

No. 3783.   Decided February 21, 1945.

**OPINION**

BY THE COURT:

This is an original action in mandamus to require the respondent to hear and determine his claim upon the merits.

The facts alleged by the relator in his petition are that he sustained certain injuries on May 28, 1935, in the course of and arising out of his employment with the City of Toledo, an employer amenable to the provisions of the Workmen's Compensation Act. He made out a proof of claim on May 4, 1937, and delivered same to one George I. Brown, Jr., personnel claims adjuster, in the city of Toledo, and that said George I. Brown, Jr., delayed the filing of relator's application with the Industrial Commission of Ohio until July 19, 1937, a date more than two years after the alleged injury to the relator. After several hearings, the claim was denied by the Industrial Commission, "on the ground that the application for compensation was not filed within two years from the date of the alleged injury, and the claim is therefore barred under the provisions of §1465-72a GC."

The relator contends that the date of the filing of his claim was on May 4, 1937, within the two year period, as it was on that date that he filed it with the claims adjuster for the City of Toledo, who was an agent by estoppel for the Industrial Commission of Ohio.

It will be noted that the petition states that the claim was not filed with the Industrial Commission of Ohio until July 19, 1937.

**Section 1465-72a, GC,** reads as follows:

"In all cases of injury or death, claims for compensation shall be forever barred, unless, within two years after the injury or death, application shall have been made to the Industrial Commission of Ohio or to the employer in the event such employer has elected to pay compensation direct."

The Workmen's Compensationn Act is in its entirety a statutory provision and grants to workmen and their dependents only the rights specifically enumerated. None of the provisions of this section can be waived. This issue was adjudicated in **State of Ohio, ex rel. Koger v. Industrial Commission, 37 Abs. 509,** where the Court held:

"Claimants under the industrial insurance act have only such rights as are prescribed by statute; if the act, or applicable rules, provide that things must be done within a certain time, this is jurisdictional and neither the Commission nor the Courts have any right to waive it."

The theory of agency by estoppel may not be invoked against the defendant, as there is no claim that the so-called agent was named by it pursuant to any statutory authority.

"The state can act only by its agents, duly authorized by law; and since public officers cannot bind the government they represent by acts outside their express authority, even though within their apparent powers, it is only where officers of the state perform their acts agreeably to the authority delegated them that the state is bound." **37 O. J., p. 24.**

The plaintiff has argued quite extensively as to whether or not the function of the Industrial Commission of Ohio is governmental or proprietary, but in view of the decisions just quoted we believe that fact to be immaterial. We, therefore, hold that the date the claim was filed with the Industrial Commission is the one that controls and not the date that the claim was filed with the claims adjuster for the City of Toledo. The requirements of the §1465-72a GC are mandatory and must be complied with.

The demurrer to the petition is sustained and leave is granted to plaintiff to amend within rule.

HORNBECK, P. J., GEIGER and MILLER, JJ., concur.