## No. 16,980.

### PEOPLE EX REL. DUNBAR, ATTORNEY GENERAL ET AL. *v.* DISTRICT COURT.
(255 P. [2d] 743)

Decided March 23, 1953.

Mr. DUKE W. DUNBAR, Attorney General, Mr. H. LAW-RENCE HINKLEY, Deputy, Mr. FRANK A. WACHOB, Assistant, Mr. F. RICHARD HITE, Assistant, Mr. ROBERT F. CARR, Assistant, for petitioners.

Mr. JOHN M. BOYLE, Mr. MACK WITTY, for respondents.

*En Banc.*

MR. JUSTICE CLARK delivered the opinion of the court.

THIS is an original proceeding in the nature of prohibition wherein is challenged the jurisdiction of the district court in and for the County of Chaffee and the Honorable Joseph D. Blunt, judge of said court, and to restrain and stay all further proceedings in said court in that certain action therein pending, entitled George W. Everett, plaintiff v. Tom Kimball, et al., defendants. This action is brought in the name of the People of the State of Colorado by the attorney general on behalf of the defendants named in the proceeding hereinabove referred to, together with the Game and Fish Commission of the State of Colorado as an additional petitioner.

In the complaint as filed in the district court it is alleged that the defendants Kimball, Hart, Carlson, Kinghorn and Holman are officials of the State Game and

Fish Commission and that defendant Ewing is the state treasurer of the State of Colorado. As to Kimball, Hart, Carlson and Kinghorn, they are designated in the title of the complaint individually and officially, illustrated thusly: "Tom Kimball, Individually and as Executive Director, Game and Fish Commission of the State of Colorado." Defendant Holman is designated deputy game warden of Chaffee county, Game and Fish Commission of the State of Colorado, and defendant Ewing as state treasurer.

Plaintiff alleges that he is owner of certain lands situated in Chaffee county; that because of the trespass thereon of wild animals, to wit, antelope, the feed, forage and pasture upon said lands was destroyed to plaintiff's damage in the sum of $5,000; for a second cause of action, that on account of said trespass the surface soil, forage and drainage structure of said land was destroyed, to the plaintiff's damage in the sum of $5,000; and for a third cause of action, that defendants Kimball, Hart, Carlson and Kinghorn, acting individually or in consort, by willful negligence have refused to comply with the provisions of section 44, chapter 73, '35 C.S.A., and through their individual actions have caused plaintiff to be without a legal remedy and to have suffered damage to the extent of $10,000. Plaintiff concludes with a prayer for judgment against the Game and Fish Commission of the State of Colorado, for the sum of $5,000 on each of plaintiff's first and second causes of action; or that said Game and Fish Commission of the State of Colorado be required to arbitrate as provided in section 44, chapter 73, '35 C.S.A., or for damages in the sum of $10,000 against Kimball, Hart, Carlson and Kinghorn, individually, on plaintiff's third cause of action; further, that defendant Ewing be required to draw a warrant against the Game and Fish Fund of the State of Colorado in payment of any damages awarded to plaintiff in said action.

Appearing specially, the defendants as named and

separately those hereinbefore designated in the third cause of action individually, attack the jurisdiction of the court by appropriate motions to quash the summons, service, and return of summons, and to dismiss the complaint, substantially upon the grounds that the action is one against the Game and Fish Commission of the State of Colorado, since any judgment recovered therein would necessarily have to be paid from state funds, and that said Game and Fish Commission is an administrative agency of the executive branch of the government of the State of Colorado and is immune from suit without express consent of the state. The district court denied said motions and directed defendants to answer; whereupon this action was filed in this court as an original proceeding, the basis of which is the alleged lack of jurisdiction of the trial court for the reasons presented by the motions to quash and dismiss in that court. In the petition filed in this proceeding it is recited that: service was made upon the defendants in their respective capacities as set forth in the caption of the complaint in the lower court; that such service was defective; that the Game and Fish Commission of the State of Colorado is the actual defendant in said proceeding but is not named as defendant therein; that it was not served with process; that it is an agency of the State of Colorado in its sovereign capacity and immune from suit without consent of the state; that, unless restrained from so doing, the trial court will enter judgment against said Game and Fish Commission and will undertake to require the withdrawal of state funds for satisfaction of a money judgment improperly entered against the Game and Fish Commission in said lower court.

In the trial court, as well as here, counsel have devoted lengthy argument to the questions of whether the Game and Fish Commission of the State of Colorado actually is a party to the proceeding in the lower court; if it is a necessary party therein; or if suit could be maintained against it in that court. Under the issues as

here presented by the pleadings, however, it is unnecessary to go into that field of inquiry, since the respondents, by their answer in response to our rule to show cause, specifically deny that the action is against the State of Colorado or the Fish and Game Commission of the State of Colorado; admit that the district court of Chaffee county is without jurisdiction over the State of Colorado; and allege that "respondents have no desire to secure service upon the State of Colorado or the Game and Fish Commission as his suit is not directed against either the State of Colorado or the Game and Fish Commission, * * *."

In the brief filed on behalf of respondents in this proceeding, it is positively stated that it was not the intent of the plaintiff in the court below to make either the Game and Fish Commission or the State of Colorado parties to said action. In view of repeated denials of intent to involve the State of Colorado or the Game and Fish Commission in the district court proceeding, or to claim liability against either of them, and of the frank admission of sovereign immunity and that the district court has no jurisdiction over the state or the commission, respondents' position here, and the basis for plaintiff's claim in the lower court, would be considerably clouded with uncertainty were it not for the following succinct statement which we quote from the brief of respondents' counsel: "Under the present law the word 'Commissioner,' of course, would refer to the Game and Fish Commission, and it is our theory that the Defendants named in the action in the District Court are all agents of that Commission, and as such, it was the duty of some one of them, if not all of them, to appoint an arbitrator as required by Section 44, ante. Sections 42 to 49 provide a complete method of procedure in claiming damages, determining damages, and paying the damages when so awarded. * * *" From this point it further is contended that the proceeding in the district court is simply an action in the nature of mandamus to

require defendant officials, as agents of the commission, to perform their duty as provided by law, or, in the alternative, to respond in damages. (The section numbers in the above quotation refer to sections of chapter 73, '35 C.S.A.)

Adopting, for present purposes, the above quotation from respondents' brief as an accurate statement of their position and as the measure of their objective, we shall proceed to test the soundness of their contentions. At the outset we are met with a degree of uncertainty as to exactly what impression counsel intend to leave when they refer to the officials of the Game and Fish Commission as "agents" of the commission, and they do not enlarge upon it. The problem for solution, however, is not one of simple agency. These defendants are employees of the state in an important administrative branch of the executive field of government, and, as state officials, their duties are circumscribed by, and their powers limited to, that authority expressly provided by law for the government of their actions. Unless the statutes, or approved rules and regulations pursuant thereto and in conformity therewith, confer upon the official the power to act under certain given circumstances, any assumption of authority beyond that point is a nullity. With this thought in mind, we turn to the statutes.

As heretofore stated, relators' counsel in their brief, refer to sections 42 to 49, chapter 73, '35 C.S.A., and contend that these provide a complete method of procedure for solution of the problem involved in this cause. The sections mentioned are from, and comprise, sections 1 to 8 of a special act of the legislature, passed in 1931, entitled, "An Act relating to Game and Fish empowering the Fish and Game *Commissioner* to receive and settle claims for damages caused to residents of this state by wild animals protected by the game and fish laws of the state." (Emphasis supplied.) Chapter 98, S.L. '31, p. 401.

Section 1 of the Act (being section 42, chapter 73, '35 C.S.A.) provides that, "From and after the passage of this Act the State of Colorado shall be liable for any and all damages done to the real or personal property" of any person in this state by protected wild animals.

Section 2 directs that whenever any person has sustained such damages he shall "notify the State Game and Fish *Commissioner* of such loss and claim for damages, * * * and said *Commissioner*, or his duly authorized agent, shall, * * * if possible, agree with such person upon the amount of settlement, and if such agreement shall be arrived at, the said *Commissioner* shall pay such claim in the manner hereinafter provided." (Emphasis supplied)

Section 3 of the 1931 Act, cited as section 44, chapter 73, '35 C.S.A., and which respondents contend provides the authority for what they claim to be the duty of those defendants in the district court proceeding who are officials of the Game and Fish Commission, reads as follows: "Section 3. In the event said claimant shall not be satisfied with the amount allowed by the Game and Fish *Commissioner*, the claimant and the Game and Fish *Commissioner*, or his duly authorized agent, shall each designate one arbitrator, in which event the two arbitrators shall agree upon a third arbitrator." (Emphasis supplied) In the following sections, the act provides for proceedings before said arbitrators, and when concluded, a certified copy thereof shall be forwarded to the "Game and Fish Commissioner" whereupon, (section 8): "The Auditor of State is hereby authorized to draw a warrant for the payment of the same upon a voucher approved by the State Game and Fish Commissioner, and the Treasurer is hereby authorized to pay the same out of the Game and Fish Fund."

In 1937, however, the legislature passed a further act concerning game and fish, placing the department under the control of a commission, and abolishing, and creating, certain offices. Chapter 153, S.L. '37, p. 578. By sec-

tion 1 of said Act, the Game and Fish Commission was created. "Section 1. (a) The Game and Fish *Department* is hereby placed under the *jurisdiction* of a *commission* to be known as the 'Game and Fish Commission,' * * *." (Emphasis supplied) In manner not here material, this section was amended in 1943 and again in 1951. S.L. '51, p. 427. By the 1937 Act the office of "Commissioner" was expressly abolished, section 3 thereof reading as follows: "Section 3. The office of the State Game and Fish Commissioner is hereby abolished. Except as herein otherwise provided, the Commission, upon its organization shall have and exercise all the rights, powers and perform all the duties heretofore vested and imposed by law in and upon the State Game and Fish Commissioner, in addition to the powers and duties in this Act imposed upon it."

Section 11 of said Act, also cited as section 247, chapter 73, '35 C.S.A., created the office of "Director of the Game and Fish department," and section 12 of said 1937 Act, (Section 248, chapter 73, '35 C.S.A.) prescribes his duties: "Section 12. The Director shall be the chief administrative head of the Department *under the direction and supervision of the Commission,* and shall have general supervision and control of all activities, functions, and employees of the Game and Fish *Department, under the supervision and direction of the Commission,* and shall enforce all the provisions of the laws of this State relating to wild animals, birds and fish, and shall exercise all necessary powers incident thereto. He shall exercise all the powers and functions of the Commission, in the interim of its meetings, *but subordinate thereto,* and shall perform such other duties as may be prescribed by the Commission or by statute; provided, he shall not have authority to make rules and regulations." (Emphasis supplied.)

It will be noted that by section 3 of the 1937 Act the legislature, upon abolishing the office of "commissoner," transferred all of his powers, rights and duties to the

Game and Fish Commission. If the power to appoint an arbitrator to settle disputed damage claims pursuant to the 1931 Act still exists, that power rests with the Game and Fish Commission. No statute has been directed to our attention, and we have found no provision in the game and fish laws, which may be said to authorize the appointment of an arbitrator for such purposes by the director, or by any of the subordinate officers, of the game and fish department, which operates under the jurisdiction, direction and supervision of the commission. Neither has any rule of the Game and Fish Commission authorizing such authority on the part of the director, or subordinate officers, been cited to us. If attempt be made to spell out of the above quoted section 12 authority in the director to appoint such arbitrator, without express direction by the commission, it is barred by the language of the statute itself, as well as by general rules of construction. "He [the director] shall exercise all the powers and functions of the Commission in the interim of its meetings * * *.", on its face, would seem a broad grant of authority, but it is limited by the act itself to *direction* by the commission, to which he is *subordinate*. He does not have authority to "make rules and regulations," nor to determine policy. His duties are strictly administrative and his function lies in performance of those obligations expressly imposed upon him by statute or prescribed by the commission. To declare otherwise would be to say, in effect, that the commission is but a needless and bunglesome appendage, and that the legislature in creating it was engaged in useless and purposeless legislation, since, by such interpretation, the "director" would in fact be but the "commissioner" under a new title.

■ Even by applying respondents' theory of agency, the statutes contain express limitation to proper, regular and orderly authorization. Section 2 of the 1931 Act provides that where claim is made the commissioner, "or his duly authorized agent," shall undertake to settle

it by agreement with claimant. If negotiations fail then, pursuant to section 3, the claimant and the Game and Fish Commissioner, "or his duly authorized agent," shall each designate one arbitrator. Under these statutes, by no stretch of imagination can it be logically contended that every officer or employee of the game and fish department was an "agent" of the commissioner, or is now an "agent" of the commission, as successor to the commissioner. For that matter there is nothing contained in the Act, or in any statute, that requires that the "duly authorized agent" even be an employee of the department. It does require specifically that the "agent" be "duly authorized," in former days by the commissioner, which currently would be by his successor, the Game and Fish Commission. Under the present organization the commission is the executive head of the department, the director being subordinate thereto and his duties administrative. To entitle him to participate in an arbitration proceeding under the statute, he, as any other agent, must be first "duly authorized." " 'The state can act only by its agents, duly authorized by law; and since public officers cannot bind the government they represent by acts outside their express authority, even though within their apparent powers, it is only where officers of the state perform their acts agreeably to the authority delegated them that the state is bound.' " *State ex rel. Caton v. Industrial Commission,* 76 Ohio App. 249, 61 N. E. (2d) 806, 807; see, also, *Trustees of Phillips Exeter Academy v. Exeter,* 90 N. H. 472, 27 A. (2d) 569, 586; *Long v. Farmers & Merchants State Bank,* 300 Ill. App. 426, 21 N. E. (2d) 51, 54.

■ This being the situation, it readily is apparent that the district court was, and is, wholly without jurisdiction to enter any order by which the director, or any of his subordinate officers in the game and fish department, could be commanded to perform duties beyond and in excess of their express lawful authority. If any arbitrator is to be appointed, he must be appointed by

or under the direction and with the approval of the commission.

Hereinabove we stated that if the power to appoint an arbitrator as herein discussed still exists, that power rests with the commission. Nothing called to our attention in this proceeding is indicative that the method of adjustment of disputed loss compensation claims for damage caused by wild animals is no longer in effect. This opinion being confined to the issues of the matter now before us, we do not undertake to pass upon that question. We desire to be understood by this opinion as holding only that a proceeding in the nature of mandamus will not lie for the purposes sought to be accomplished by the action in the district court against the director, or other subordinate officers or employees, of the game and fish department. We presently are advised of no reason why an action in the nature of mandamus against the Game and Fish Commission to require it, as successor to the former "commissioner," to perform a statutory duty imposed upon it, should not be maintainable, but we reserve ruling upon that question until such time as it may be presented to us in a proper case.

One other matter might well receive brief attention. It incidentally is contended on behalf of respondents that this is not the type of act in which this court would grant relief in an original action, it being argued that the district court could well determine all issues here presented, and that its final judgment would be subject to review by this court on writ of error. In *Carlson v. District Court,* 116 Colo. 330, 343, 180 P. (2d) 525, we held that where the court was without jurisdiction, and it therefore was apparent, under the circumstances, that no judgment adverse to petitioners in this court could properly be affirmed, proceedings here for an order in the nature of a writ of prohibition should be entertained. Such is the exact situation with which we are now confronted. It would be a useless gesture

to decline relief here and permit the continuation of the present proceedings in the district court, which, if they resulted favorably to the plaintiff therein, would necessarily have to be reversed upon review on writ of error.

For the reasons stated, the interlocutory rule heretofore entered, is made permanent.