Mr. Justice Lee
delivered the opinion of the Court.
Plaintiffs in error were the plaintiffs in the trial court where they sought relief under C.R.C.P. 106 in the nature of mandamus and prohibition against defendants in error, referred to herein as “defendants.” The complaint alleged seven claims for relief, all of which arose out of disputes relating to the action of the State Board of Equalization and of the Colorado Tax Commission in reviewing property appraisals of the Dolores County Assessor and in ordering reappraisals of Dolores County properties. The substance of the claims was that the commission and the State Board of Equalization abused their discretion and exceeded their authority in performance of their statutory duties under Chapter 137, Colorado Revised Statutes 1963, as amended.
An order to show cause was not issued by the trial court. However, defendants specifically appeared and moved to dismiss the complaint on the grounds that the plaintiffs had neither standing nor authority to maintain the action. This issue was orally argued before the trial court which thereafter entered its written order dismissing the complaint.
This writ of error is directed to the trial court’s order of dismissal, which is the only matter presented for review. Under these circumstances we need not consider the allegations of the seven claims for relief or the merits of plaintiffs’ claims against defendants.
We agree with the trial court that plaintiffs, who brought this action in their official capacities as members of the Board of County Commissioners of Dolores County *125 and as members of the Dolores County Board of Equalization, and as Assessor of Dolores County, have neither standing nor legal authority to maintain this action and that dismissal of the action was proper. We therefore affirm the judgment of the trial court.
Concerning the standing of the Board of County Commissioners to bring suit against the defendants herein, certain fundamental principles must be recognized. A county is not an independent governmental entity existing by reason of any inherent sovereign authority of its residents; rather, it is a political subdivision of the state, existing only for the convenient administration of the state government, created to carry out the will of the state. Commissioners v. Denver, 150 Colo. 198, 372 P.2d 152; Colorado I. & R. Co. v. Drainage Dist., 83 Colo. 468, 266 P. 501; Dixon v. People, 53 Colo. 527, 127 P. 930. As a political subdivision, a county, and its commissioners, possess only such powers as are expressly conferred upon them by the constitution and statutes, and such incidental implied powers as are reasonably necessary to carry out such express powers. People ex rel. v. District Court, 127 Colo. 280, 255 P.2d 743; Farnick v. Commissioners, 139 Colo. 481, 341 P.2d 467; Sheely v. People, 54 Colo. 136, 129 P. 201; Robbins v. County Commissioners, 50 Colo. 610, 115 P. 526.
No constitutional or statutory provision has been cited which in our view grants any express or implied powers to boards of county commissioners or to county boards of equalization to challenge in court the findings and orders of the State Tax Commission or State Board of Equalization.
 Plaintiffs contend that the county has a right of appellate review of the orders and decisions of the taxing authorities under the general grant of power found in C.RJS. 1963, 36-1-1 (b) “to sue and be sued” and under C.R.S. 1963, 36-1-7(6) “to represent the county and have the care of the county property and the management of the business and concerns of the county, in all cases where *126 no other provisions are made by law.” The right “to sue” relates to the county’s function as a body corporate and can only be exercised within the framework of the specific powers granted counties (C.R.S. 1363, 36-1-1) and boards of county commissioners (C.R.S. 1963, 36-1-7). Such does not grant a general power to sue in any and all situations. While 1967 Perm. Supp., C.R.S. 1963, 137-3-15, grants to the assessor or board of county commissioners the right to appeal a reappraisal of county property to the State Board of Equalization, it does not grant a further right to appeal such order or decision to the courts.
In Skidmore v. O’Rourke, 152 Colo. 470, 383 P.2d 473, this Court stated that, subject to the fundamental or organic limitations on the power of the state, the legislature has plenary power on the matter of taxation, and it alone has the right and discretion to determine all questions of time, method, nature, purpose, and extent in respect of the imposition of taxes, the subjects on which the power may be exercised, and all the incidents pertaining to the proceedings from the beginning to the end; and the exercise of such discretion, within constitutional limitations, is not subject to judicial control.
Plaintiffs further contend that such authority to sue is found in the Administrative Code, C.R.S. 1963, 3-16-5. We do not agree. Rights of review of final agency actions are limited to “persons” who are defined to be “an individual, partnership, corporation, association and public or private organization of any character other than an agency.” C.R.S. 1963, 3-16-1(1) (c). It is clear that a board of county commissioners is an “agency” within the meaning of the Administrative Code and as such is not a person who may seek review of “final agency action.” C.R.S. 1963, 3-16-1(1) (c). Nor do boards of county commissioners have authority to sue as representatives of the taxpayers of their counties as plaintiffs have suggested. Arapahoe Co. v. Board of Equalization, 23 Colo. 137, 46 P. 638.
Since the legislature has not seen fit to grant such *127 power and authority, we necessarily conclude that the commissioners were without standing to bring the instant action.
In People v. Hively, 139 Colo. 49, 336 P.2d 721, this Court settled the matter of whether an assessor has standing to question the validity of the action of the State Tax Commission and the State Tax Commission and the State Board of Equalization in the performance of their statutory duties. In that case Hively, the Assessor of Arapahoe County, the Board of County Commissioners of Arapahoe County, and private citizens sought relief in the district court in the nature of certiorari, declaratory judgment and injunction against the ¡State Tax Commission and the State Board of Equalization, over differences arising out of an order increasing the assessed valuation for Arapahoe County. The Court, speaking through Mr. Justice Doyle, said:
“After respondent had completed his assessment and submitted his assessment roll to the County Board of Equalization * * * and transmitted his abstract of assessment to the Colorado Tax Commission * * * his quasi judicial functions were ended, and his duties thereafter to be performed were purely ministerial, and that which is subsequently done by other boards, with jurisdiction to act in the premises, cannot be changed or questioned by him — Denver v. Pitcher, 54 Colo. 203, 224, 225, 129 Pac. 1015; Colo. Tax Com. v. Pitcher, 56 Colo. 343, 383, 138 Pac. 509; § 33, p. 623, S.L. 1911; Cooley on Taxation (3d ed.), p. 1359.
“It is the imperative duty of a ministerial officer to obey the act of a tribunal invested with authority in the premises directing his action; not to question or decide upon its validity. This applies with the same force whether the direction be embodied in a legislative act or in the pronouncement of a governmental agency invested with power in the premises. The maxim lies at the *128 very foundation of jurisprudence, and without its observance government would cease to exist.
“Thus the Assessor here had no more standing to question the validity of the action of the Board than a lower court has to question the validity of the mandate of a reviewing court. He was obligated to carry out the mandate of the Board. There is no legal justification for his defiance and the district court lacked jurisdiction to hear the case. It follows that writs of mandamus and prohibition are here appropriate.”
We do not say that actions taken by the State Tax Commission or the State Board of Equalization are not subject to judicial review. Certainly taxpayers, who may be adversely affected or aggrieved, may have judicial review. However, such persons were not parties to the present proceeding.
The judgment of dismissal of plaintiffs’ complaint is affirmed.