Ms. Paula Herzmark Executive Director Department of Local Affairs 1313 Sherman Street, 5th Floor Denver, CO 80203
Dear Ms. Herzmark:
This opinion letter is in response to your letter of April 30, 1980, in which you inquired about the legality of the adoption and enforcement of a uniform fire code by a board of county commissioners, specifically Adams County Board of County Commissioners.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents this question:
1. Has a board of county commissioners in the State of Colorado the authority to adopt a uniform fire code and provide for its enforcement?
 My conclusion is "no." It is my opinion that, because no express statutory delegation exists to adopt a comprehensive fire code, county commissioners have no authority to do so. However, boards of county commissioners may promulgate various regulations and ordinances pertaining to fire prevention and safety which are necessary by implication to the accomplishment of other statutorily delegated powers, such as those powers to regulate county zoning, county building codes, and removal of rubbish.
ANALYSIS
In the State of Colorado, counties are political subdivisions of the state, created constitutionally for the convenient administration of state government. As such, they act as an administrative arm of the state government, and their residents have no inherent sovereign authority of their own. Board ofCounty Commissioners v. Love, 172 Colo. 121, 470 P.2d 861
(1970). County commissioners, although they are constitutional officers,
 possess only such powers as are expressly conferred on them either by the / Colorado / Constitution or statutes, and, in addition, such implied powers as are reasonably necessary to the proper execution of those / powers / expressly conferred.
Skidmore v. O'Rourke, 152 Colo. 470, 475, 383 P.2d 473,475-76 (1963). Therefore the powers of counties, through their board of county commissioners, are to be strictly construed.Board of County Commissioners v. Pfeifer, 190 Colo. 275,546 P.2d 946 (1976). See generally Hopkinsv. Board of County Commissioners, 193 Colo. 230, 564 P.2d 417
(1977); Board of County Commissioners v. State Board ofSocial Services, 186 Colo. 435, 528 P.2d 244 (1974);Board of County Commissioners v. Love, supra;Asphalt Paving Company v. Board of CountyCommissioners, 162 Colo. 254, 425 P.2d 289 (1967);Skidmore v. O'Rourke, supra.
In Colorado there does not exist in either the statutes or the constitution a broad delegation of police power to counties to provide for the general health, safety, and welfare of the residents therein. Instead, specific police power delegations are made by statute on a piecemeal basis. See,e.g., C.R.S. 1973, 30-15-401 et seq. (1979 Cum. Supp.). See also Colo. Const. art. XIV, § 16. The power to adopt a comprehensive fire code is not among the specifically enumerated police powers delegated to counties; nor is it delegated elsewhere in the statutes or in the constitution. Therefore, in keeping with the well-settled rule of law that the statutory powers of counties are to be strictly construed, it must be concluded that counties have no power to adopt fire codesper se.
However, the corollary of the strict construction principle stated above is that counties have "such implied powers as are reasonably necessary to the proper execution of those / powers / expressly conferred." Skidmore v. O'Rourke,supra. In Colorado, boards of county commissioners are "charged with the control of the physical development of the unincorporated territory of the counties." Hopkins v. Boardof County Commissioners, supra (citing C.R.S. 1973, 30-28-102). A board of county commissioners is further empowered to adopt a building code for the regulation of the
 future construction or alteration of dwellings, buildings, and structures, together with plumbing and electrical installations therein or in connection therewith.
C.R.S. 1973, 30-28-201. Both of these delegations of power are made for the express purpose of promoting the public health, safety, morals, and general welfare. C.R.S. 1973, 30-28-107 and30-28-203. In fact, section 30-28-115 specifically mentions "securing safety from fire, floodwaters, and other dangers," as one of the purposes of the delegation of zoning authority to boards of county commissioners. (Emphasis added.)
Therefore it is reasonable to assume that the power to promulgate fire-related regulations is implied when such regulations would be necessary to the proper execution of powersexpressly delegated by statute, such as the express power to adopt (1) county building codes or (2) county zoning ordinances for unincorporated territories.
One further express delegation of power may be relevant here. Section 30-15-401(1) provides that boards of county commissioners have the power, in addition to those powers granted by other statutory sections, to adopt ordinances "for control or licensing of those matters of purely local concern," which are then enumerated. One of those enumerated concerns is:
 (a) To provide for and compel the removal of rubbish, including trash and garbage but not including weeds, brush, or other growing things in place, from lots and tracts of land within the county, except industrial tracts of ten or more acres and agricultural lands currently in agricultural use as that term is defined in section 39-1-103(6)(a) (I), C.R.S. 1973, and from the alleys behind and from the sidewalk areas in front of such property at such time, upon such notice, and in such manner as the board of county commissioners may prescribe by ordinance.
By virtue of this statute, counties are clearly authorized to adopt fire-related regulations and ordinances to accomplish removal of rubbish, as well as to issue fire-related regulations to ensure adequate county building codes or county-wide zoning ordinances. Such powers are necessary by implication to the accomplishment of expressly delegated powers.
Note, however, that all three of the express county powers discussed above, which may serve as bases for fire-related regulations, apply only to the unincorporated portions of a county, unless the county ordinances or codes are specifically adopted by the governing bodies of incorporated municipalities located therein. C.R.S. 1973, 30-15-402(2)(a) (Cum. Supp. 1979), 30-28-102 and 201.
SUMMARY
In at least the three areas discussed herein — county building codes, county zoning plans, and rubbish removal ordinances — the boards of county commissioners in Colorado have the implied power to adopt whatever fire regulations or ordinances are necessary to carrying out express statutory delegations of power. However, there exists no express or implied power to adopt a comprehensive fire code perse. Such a delegation must be made legislatively.
Very truly yours,
 J.D. MacFARLANE Attorney General
COUNTY COMMISSIONERS FIRES STATUTES RULES AND REGULATIONS COUNTY GOVERNMENT
C.R.S. 1973, 30-28-107
C.R.S. 1973, 30-28-115
C.R.S. 1973, 30-28-203
C.R.S. 1973, 30-15-401(1) and (2) C.R.S. 1973, 30-28-102
C.R.S. 1973, 30-28-201
Colo. Const. art. XIV, § 16
LOCAL AFFAIRS, DEPT. OF Local Government, Div. of
Counties have no express or implied power to adopt a comprehensive fire code; however, at least in the areas of county building codes, zoning plans and rubbish removal, county commissioners may adopt whatever fire regulations or ordinances are necessary to carry out these express delegations of power.