Barbara J. FEENEY, Plaintiff–Appellee,

v.

JEFFERSON COUNTY HEALTH SERVICES ASSOCIATION, INC.; Jefferson County Department of Health and Environment; and The Board of County Commissioners of the County of Jefferson, Defendants–Appellants.

No. 96CA1141.

Colorado Court of Appeals, Div IV.

June 12, 1997.

Rehearing Denied July 24, 1997.

Certiorari Granted Jan. 12, 1998.

Beem & Mann, P.C., Clifford L. Beem, Denver, for Plaintiff–Appellee.

Fowler, Schimberg & Cowman, P.C., Timothy P. Schimberg, Brian E. Widmann, Denver, for Defendants–Appellants.

Opinion by Judge KAPELKE.

Defendants, Jefferson County Health Services Association, Inc. (Health Services Association), Jefferson County Department of Health and Environment (Health Department), and the Board of County Commissioners of the County of Jefferson (County), bring this interlocutory appeal pursuant to § 24–10–108, C.R.S. (1996 Cum.Supp.) from the trial court's order denying their motion to dismiss the complaint of plaintiff, Barbara J. Feeney, for lack of subject matter jurisdiction. We affirm and remand with directions.

According to her complaint, on February 8, 1994, plaintiff slipped and fell on an icy sidewalk in front of a medical clinic operated by the Health Services Association and the Health Department. She alleged that defendants knew or should have known of the dangerous condition and were negligent in failing to exercise reasonable care to remedy or warn of this condition. She further alleged that she gave defendants notice of her claim in accordance with § 24–10–109, C.R.S. (1988 Repl.Vol. 10A). It is undisputed that plaintiff gave timely notice to the County itself.

Defendants filed a motion to dismiss pursuant to C.R.C.P. 12(b)(1), C.R.C.P. 12(b)(2), C.R.C.P. 12(b)(5), and C.R.C.P. 17. In their motion, defendants argued that: (1) the Health Services Association was a defunct corporation that had been suspended by the Colorado Secretary of State and had not operated the medical clinic; (2) plaintiff failed to designate the County or the Health Department by its proper name in the complaint; (3) plaintiff failed to give notice of claim to the Health Department; and (4) plaintiff's allegation that defendants "knew or should have known" of the dangerous condition of the sidewalk was insufficient to state a claim for relief under the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S. (1988 Repl. Vol 10A).

In response, plaintiff argued that: (1) the Health Services Association was a valid legal entity currently in existence; (2) she was injured five months before the corporation was suspended; (3) her notice of claim given to the County and the county attorney complied with the requirements of the GIA; and (4) she should be allowed to amend her complaint to name the defendants properly and to specify the section of the GIA under which defendants' immunity had been waived.

The trial court denied defendants' motion to dismiss and granted plaintiff's motion to amend. The court determined that, because it referred to matters outside the complaint,

defendants' motion should be treated as one for summary judgment. Applying the standard applicable to summary judgment motions, the court found that the notice given by plaintiff was sufficient for purposes of § 24–10–109 and that the complaint stated a claim for relief under the GIA. This appeal followed.

## I.

Defendants first contend that the trial court erred in applying the standards for summary judgment under C.R.C.P. 56 to their motion to dismiss. We agree, but perceive no basis for reversal.

■ The issue of sovereign immunity is one of subject matter jurisdiction to be determined by the trial court pursuant to C.R.C.P. 12(b)(1), rather than under C.R.C.P. 56. *Fogg v. Macaluso*, 892 P.2d 271 (Colo.1995). Nevertheless, in certain circumstances we may decide the issue of subject matter jurisdiction under the GIA as a matter of law. *See Swieckowski v. City of Fort Collins*, 934 P.2d 1380 (Colo.1997); *Pack v. Arkansas Valley Correctional Facility*, 894 P.2d 34 (Colo.App.1995) (appellate court need not defer to trial court's interpretation of the GIA); *see also Johnson v. Regional Transportation District*, 916 P.2d 619 (Colo.App.1995) (if all relevant evidence has been presented to the trial court, and the underlying facts are not in dispute, whether sovereign immunity has been waived may be decided as a matter of law).

■ Here, although the trial court did not apply the appropriate standard, we conclude that we may nevertheless review defendants' sovereign immunity assertion without remanding for an evidentiary hearing, except as to the issue discussed below in part III. *See Capra v. Tucker*, 857 P.2d 1346 (Colo. App.1993).

## II.

The Health Department contends that the trial court erred in not dismissing plaintiff's claims against it on the basis that she failed to comply with the notice of claim requirements in § 24–10–109. Specifically, the Health Department contends that it is a separate and distinct legal entity from the County and that, therefore, plaintiff was required to provide its governing body or legal counsel with a notice of claim. In response, plaintiff argues that the Health Department is under the control of the County and is thus not entitled to a separate notice of claim. Accordingly, she asserts that the notice given to the County satisfied the GIA's notice requirements. We agree with plaintiff.

Any person claiming to have suffered an injury caused by a public entity or its employee must provide written notice within 180 days after the date of the discovery of the injury. *See* §§ 24–10–109 and 24–10–118, C.R.S. (1988 Repl.Vol. 10A); *Regional Transportation District v. Lopez*, 916 P.2d 1187 (Colo.1996) (compliance with the 180-day requirement is a jurisdictional prerequisite to suit).

If the claim is against the state or an employee thereof, the notice shall be provided to the attorney general. However, if the claim is against any other public entity or its employee, the notice must be filed with the public entity's governing body or its legal counsel. *See* § 24–10–109(3), C.R.S. (1988 Repl.Vol. 10A).

A "public entity" is defined in the GIA as:

the state, county, city and county, municipality, school district, special improvement district, and every other kind of district, agency, instrumentality, or political subdivision thereof organized pursuant to law and any separate entity created by intergovernmental contract or cooperation only between or among the state, county, city and county, municipality, school district, special improvement district, and every other kind of district, agency, instrumentality, or political subdivision thereof.

Section 24–10–103(5), C.R.S. (1996 Cum. Supp.).

■ A county is defined by statute as "a body corporate and politic" and has the power to sue and be sued, to purchase and hold real and personal property, to enter into contracts, and to impose certain taxes. *See* § 30–11–101, C.R.S. (1986 Repl.Vol. 12A). It is a political subdivision of the state created for the convenient administration of the state

government to carry out the will of the state. *Board of County Commissioners v. Love,* 172 Colo. 121, 470 P.2d 861 (1970).

■ A county health department may be established by any county through resolution of its board of county commissioners. Section 25-1-501, C.R.S. (1989 Repl.Vol. 11A). Under this statutory scheme, a county health department has various powers and duties, *see* §§ 25-1-505 to 25-1-508, C.R.S. (1989 Repl.Vol. 11A), including the power to "employ or retain and compensate an attorney to be the legal advisor of the department and to defend all actions and proceedings brought against the department or the officers and employees thereof." Section 25-1-512, C.R.S. (1989 Repl.Vol. 11A).

The Health Department argues that such powers—especially the power to employ an attorney—result in its having a legal existence independent of the County. However, unlike a county or other organizations that are considered "public entities" for purposes of the GIA, a county health department is not given status as a "body corporate" or "body politic," nor does it have the right to sue or be sued. In contrast, other entities have been given that right. *See* Colo. Const. art. IX, § 12 (regents of the University of Colorado); § 22-32-101, C.R.S. (1995 Repl. Vol. 9) (school districts); § 23-30-102, C.R.S. (1995 Repl.Vol. 9) (state board of agriculture); § 23-60-104, C.R.S. (1995 Repl.Vol. 9) (state board for community colleges and occupational education); §§ 29-4-203(1) & 29-4-209(1), C.R.S. (1986 Repl.Vol. 12A) (housing authorities); § 32-1-1001, C.R.S. (1996 Cum.Supp.) (special districts).

Moreover, we note that a county health department is not authorized to levy taxes, is dependent on the county for financing, and must submit an annual budget to the county for approval. *See* § 25-1-510, C.R.S. (1989 Repl.Vol. 11A).

Therefore, we conclude that the Health Department is not an independent legal entity that is separate and distinct from the County. Accordingly, although the supreme court, in *Johnson v. Jefferson County Board of Health,* 662 P.2d 463 (Colo.1983), referred to the Health Department as a political subdivision of the state, we conclude that the Health Department is not a separate governmental unit existing independently of the County for purposes of the notice requirements of the GIA. Hence, the Health Department is not entitled to a separate notice of claim, and the trial court did not err in concluding that the notice sent to the County and its attorney was adequate for purposes of § 24-10-109.

### III.

In a related argument, the County contends that it is immune from liability under the GIA because it had no legal duty to maintain the sidewalk. Such duty, it argues, was statutorily vested in the Health Department. However, in light of our determination above that the Health Department is not a separate government unit existing independently of the County, we reject this contention.

To the extent the County contends that plaintiff failed to prove the elements of § 24-10-106(1)(d)(III), C.R.S. (1996 Cum.Supp.), however, we note that no evidentiary hearing was held on this issue and that the trial court had not made any factual findings. Under that provision it must be shown that the public entity failed to use existing means available to remove or mitigate the accumulation of snow and ice and had actual notice of the condition and a reasonable time to act. Because this issue does pertain to the trial court's subject matter jurisdiction under the GIA, we conclude that a remand to the trial court is necessary for determination of this issue. *See Fogg v. Macaluso, supra.*

### IV.

Finally, we reject the contention that the trial court erred in concluding the Health Services Association was not immune from liability under the GIA. This argument is predicated upon the Health Services Association's assertion that it was established by the Health Department and that, because the Health Department did not receive a separate notice of claim from plaintiff, no notice was effective as to it. However, in light of our determination above, we conclude that the trial court did not err in finding that the

Health Services Association was not entitled to immunity under the GIA.

The order is affirmed, and the cause is remanded to the trial court with directions to conduct further proceedings as appropriate to determine whether plaintiff's claim falls within § 24–10–106(1)(d)(III).

JONES and ROY, JJ., concur.