545 P.2d 1061 (1975)
Nelson NADEAU, Director of the Jefferson County Department of Social Services, and the Jefferson County Department of Social Services, Plaintiffs-Appellants,
v.
The MERIT SYSTEM COUNCIL FOR the COUNTY DEPARTMENTS OF SOCIAL SERVICES of the State of Colorado, and Harry Havemeyer, Defendants-Appellees.
No. 74-525.
Colorado Court of Appeals, Div. I.
August 26, 1975.
Rehearing Denied September 16, 1975.
Certiorari Denied March 1, 1976.
Gemma & Lichtenfels, Leo Gemma, Jr., J. Reid Lichtenfels, Denver, for plaintiffs-appellants.
John D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Charles B. Lennahan, Frank L. DeLeo, Sp. Asst. Attys. Gen., Denver, for defendant-appellee The Merit System Council for the County Departments of Social Services of the State of Colorado.
Brownstein, Hyatt, Farber & Madden, Mark F. Leonard, Denver, for defendant-appellee Harry Havemeyer.
Selected for Official Publication.
BERMAN, Judge.
The Jefferson County Department of Social Services (Jefferson County Department) and its director, Nelson Nadeau, appellants, appeal the dismissal of their complaint seeking review of action by the Merit System Council for the County Departments of Social Services of the State of Colorado (Merit System Council). We affirm.
On March 28, 1974, Harry Havemeyer, a caseworker with the Jefferson County Department, *1062 was dismissed from his employment. He appealed his dismissal to the Merit System Council. The Merit System Council appointed a hearing officer who, after conducting a hearing, recommended that the Merit System Council uphold the dismissal. Thereafter, the Merit System Council adopted the hearing officer's findings of fact in their entirety, but ordered a 30-day suspension instead of a dismissal.
The Jefferson County Department and its director then initiated his action, pursuant to § 24-4-106, C.R.S.1973, seeking review of the decision of the Merit System Council. On November 27, 1974, the complaint was dismissed for failure to state a claim, and this appeal followed.
The question presented for review is whether the Jefferson County Department and its director can appeal from a decision of the Merit System Council. The appellants assert that they are "aggrieved" parties within the meaning of § 24-4-106, C.R.S.1973, and therefore are entitled to seek judicial review. The appellees urge affirmance of the dismissal of the complaint in this case upon the authority of Board of County Commissioners of Otero v. State Board of Social Services, Colo., 528 P.2d 244.
In Otero, supra, the Board of County Commissioners filed a complaint under § 24-4-106, C.R.S.1973, against the State Board of Social Services challenging the action of the State Board in increasing salaries of county public assistance and welfare department employees. In affirming the district court's dismissal of the complaint, the court stated:
"[T]he right to judicial review of the final administrative actions of the State Board of Social Services, under the law of this state, is limited to those parties to the proceeding before the administrative agency whose rights, privileges, or duties, as distinct from those of the State, are adversely affected by the decision. The county as an arm of the State Board of Social Services has no rights or privileges so far as its statutory duties are concerned and hence does not come within the [meaning] of `party.' Excluded from the provisions of 1969 Perm.Supp., C.R.S.1963, 3-16-5, [now § 24-4-106, C.R.S.1973], the county, and as such, the Board of County Commissioners are without standing to challenge the action of the State Board . . . ."
In support of their claimed right to seek judicial review, plaintiffs point to § 26-1-120(5), C.R.S.1973, which provides that in regard to hearings conducted relative to an employee's status:
"[T]he merit system council shall make the decision concerning the applicant's or the employee's status, which shall be reviewable in accordance with section 24-4-106, C.R.S.1973."
And, § 24-4-106(4), C.R.S.1973, provides that:
"Any party adversely affected or aggrieved by any agency action may commence an action for judicial review in the district court . . . ."
Construing these statutes in the light of the ruling in Otero, supra, the right of the Jefferson County Department and its director to obtain judicial review of the action of the Merit System Council depends on whether they are parties to the proceeding before the administrative agency whose rights, privileges, and duties, as distinct from those of the state, are adversely affected by that action.
By statute, the State Board of Social Services is the state agency for the administration and supervision of programs relating to public assistance and welfare. Section 26-1-102 et seq., C.R.S.1973. The county departments of social services are designated by statute as agents for the State Department of Social Services for the administration of public assistance and welfare-related activities in the respective counties. Section 26-1-118, C.R.S.1973. The county director is charged with the executive and administrative duties and responsibilities of the county department, *1063 subject to the rules and regulations of the State Department of Social Services. Section 26-1-117, C.R.S.1973.
The Merit System, including the Merit System Council, is established by the State Department of Social Services pursuant to statute for the purpose of "the selection, retention, and promotion of employees of the county departments." Section 26-1-120(1), C.R.S.1973. In addition, the rules and regulations adopted by the State Department of Social Services for the Merit System must, by statute, provide for the "[d]iscipline, dismissal, separation, reinstatement, and transfers" of employees. Section 26-1-120(5)(f), C.R.S.1973.
It is clear from these statutory provisions that the county departments of social services, and the Merit System Council, are both functional divisions of the State Department of Social Services for the convenient administration of the state program and are not independent entities separate and distinct from the state. See Board of County Commissioners v. Love, 172 Colo. 121, 470 P.2d 861.
It is appellants' position that since the statutes cited above clearly provide for judicial review of Merit System Council action, and the legislature, on the face of the statute, has not specifically denied the right to seek such review to the county department, that where a county department is adversely affected by a decision of the Merit System Council, it must be granted judicial review. Love, supra, answered this argument, stating: "Since the legislature has not seen fit to grant such power and authority, we necessarily conclude that the [county] commissioners were without standing to bring the instant action."
The Jefferson County Department, in the instant case, occupies the same position as the Board of County Commissioners in Otero, supra, vis-a-vis the State Board of Social Services, and, in such role, it has no standing to seek judicial review of the action by the Merit System Council.
Judgment affirmed.
ENOCH, J., concurs.
COYTE, J., dissents.
COYTE, Judge (dissenting):
I do not view the Otero case as being dispositive of the issues in this case.
In Otero the issue involved the right of the State Board to adopt rules and establish salary schedules for those who worked in the county welfare offices. Otero is premised upon the fact that by statute, § 26-1-108, C.R.S.1973, the State Department of Social Services has the power to "adopt rules governing fiscal and personnel administration for county departments." The court there reasoned that to permit the Board of County Commissioners of each county to challenge the right of the State Board to enact its rules "would serve as an impediment rather than a convenience."
Here, however, the statutory scheme clearly gives the county director the authority to appoint "such staff as may be necessary . . . to administer public assistance and welfare, medical assistance, and child welfare activities within his county." Section 26-1-119, C.R.S.1973. The staff is appointed in accordance with the Merit System established by the State Department for county department employees under § 26-1-120, C.R.S.1973.
The Merit System Council, although established and a part of the State Department of Social Services, is an independent and impartial body whose members are appointed by the Governor for three year overlapping terms. They are not subject to the will of the State Department of Social Services, except to the extent provided by statute which authorizes the State Department to adopt rules and regulations for the Merit System in matters involving, among others, "discipline, dismissal, separation, reinstatement, and transfers." Section 26-1-120(5)(f), C.R.S.1973. The rules and regulations adopted by the State Department for the Merit System, provide that the county appointing authority may dismiss any permanent employee who is *1064 found to be guilty of gross misconduct. 3 Colorado Division of Public Welfare Staff Manual, Merit System Administrative Rules and Regulations § 3914.52 (Effective October 1, 1974).
The Jefferson County Department of Social Services, which by statute has the authority to appoint its staff, must also have the power to discharge its staff; and in fact it does as shown by the above rule. The right of the employee to an appeal is safeguarded by statute and by the regulations issued thereunder. Section 26-1-120(5)(g), C.R.S.1973. Section 24-4-106, C.R.S.1973, provides for judicial review by any person adversely affected or aggrieved by an agency action. It does not limit the right to review to an aggrieved employee. I would accordingly hold that plaintiff has standing in court to seek judicial review.