MR. JUSTICE DAY
delivered the opinion of the Court.
This is an original proceeding in the nature of prohibition involving the determination of whether a county has standing to obtain judicial review of a state merit system council decision pertaining to the reinstatement of a county director of social services. We issued a rule to show cause why respondent district court should not dismiss the county’s complaint and now make the rule absolute.
Janet Martin (petitioner herein) was dismissed as the director of the county department of social services by the Montrose Board of County Commissioners, acting in its capacity as the county board of social services (hereinafter county board) under section 26-1-116, C.R.S. 1973.
Petitioner appealed to the merit system council of the state department of social services pursuant to section 26-1-120(5)(g), C.R.S. 1973. The council (intervenor herein) ordered her reinstatement with benefits and back pay.
*109 The county board thereafter filed a complaint in district court seeking judicial review of that decision, naming both petitioner and intervenor as defendants. The latter filed a motion to dismiss premised upon the county board’s lack of standing and the district court’s concomitant lack of subject matter jurisdiction. The court’s denial of the motion forms the basis of this original proceeding.
This case falls squarely within the rule enunciated by the court of appeals in Nadeau v. Merit System Council, 36 Colo. App. 362, 545 P.2d 1061 (1975); cert. denied (March 1, 1976). While denial of certiorari does not necessarily indicate approval by this court of a court of appeals’ opinion, we perceive no conflict between Nadeau and any of our decisions. In view of the fact that the case was selected for official publication, it had a precedential effect, and as the law of the state it was binding on the district court and should have been followed. See C.A.R. 35(f).
In Nadeau, the court of appeals held that a county department of social services is not an adversely affected or aggrieved “party” empowered to bring an action for judicial review of an agency action within the meaning of section 24-4-106(4), C.R.S. 1973. We now expressly adopt the reasoning of that opinion and extend it to include county boards of social services as well as county departments. We would also add the following observations:
The county board is set up as a subordinate agency or arm of the state. Sections 26-1-116 and 26-1-118, C.R.S. 1973. It is bound by, inter alia, the fiscal and personnel rules set up by the state board of social services. Section 26-1-108(1)(c)(IV) and (2), C.R.S. 1973; see Evert v. Ouren, 37 Colo. App. 402, 549 P.2d 791 (No. 75-399 announced March 4, 1976); cert. denied (May 17, 1976). Petitioner, while appointed by the county board, is subject to the policies, rules and regulations of the state department. Section 26-1-117(1), C.R.S. 1973. Significantly, section 26-1-122, C.R.S. 1973 provides that counties are reimbursed eighty percent of the administrative costs (including staff salaries) of their programs provided that state rules are complied with.
In the absence of an express statutory right, a subordinate state agency (the county board) lacks standing or any other legal authority to obtain judicial review of an action of a superior state agency (the merit system council). Nadeau, supra; see Board of County Commissioners v. State Board of Social Services, 186 Colo. 435, 528 P.2d 244 (1974); and Board of County Commissioners v. Love, 172 Colo. 121, 470 P.2d 861 (1970). Our present holding in no way should be construed to affect the rights of aggrieved employees to obtain judicial review of personnel determinations made by the merit system council.
We make the rule absolute and hereby order the district court to dismiss the complaint which forms the basis of this proceeding.