Michael DEMPSEY, et al.,
Plaintiffs-Appellants,

v.

CITY AND COUNTY OF DENVER, a
municipal corporation; et al.,
Defendants-Appellees.

No. 81CA0756.

Colorado Court of Appeals,
Div. III.

April 1, 1982.

Rehearing Denied April 29, 1982.

Certiorari Denied Aug. 3, 1982.

Berenbaum & Berenbaum, Peter R. Bornstein, Edwin G. Perlmutter, Denver, for plaintiffs-appellants.

Max P. Zall, City Atty., Stan M. Sharoff, Asst. City Atty., Denver, for defendants-appellees.

KIRSHBAUM, Judge.

In this class action lawsuit, plaintiffs, employees of the Denver Department of Social Services (Denver Department), appeal the trial court's order of summary judgment against them and in favor of defendants, the City and County of Denver and its officials. We affirm.

The record reveals the following relevant facts. Plaintiffs are employed by the Denver Department in a representative variety of staff positions. Their compensation is based upon a schedule established by the Colorado Department of Social Services (Colorado Department). Plaintiffs assert

that they are being paid substantially less than similarly situated employees in other Denver departments, in violation of the *Denver City Charter* C5.26, which states as follows:

"The City Council annually shall by ordinance enact, after annual recommendations are made by the Career Service Authority, classification and pay plans for all positions in the Career Service and for the positions not in the Career Service, based upon the duties of the several positions .... The pay rates shall be equal to generally prevailing rates in the Denver metropolitan area as determined by the Career Service Authority and shall provide like pay for like work. The fringe benefits shall be equal to the prevailing practice in the Denver metropolitan area as determined by the Career Service Authority."

When defendants failed to supplement plaintiffs' salaries in accordance with charter provision C5.26, plaintiffs initiated this lawsuit seeking declaratory and injunctive relief, as well as an award for back pay dating to the effective date of the above-quoted version of C5.26. In granting defendants' motion for summary judgment, the trial court concluded that plaintiffs' compensation is a matter of "exclusive statewide concern" and that defendants "are without authority to supplement or modify in any way the salaries the State Board of Social Services has determined the Plaintiffs (and the class they represent) should receive."

Plaintiffs first contend that the trial court's ruling is erroneous because Denver does have the power and authority to supplement plaintiffs' wages. We disagree.

Denver is a home-rule city. As such, its charter and ordinance provisions supersede conflicting state statutes in matters of purely local and municipal concern. *DeLong v. City and County of Denver*, 195 Colo. 27, 576 P.2d 537 (1978). However, in matters of exclusively statewide concern, state statutes supersede conflicting local enactments. *DeLong v. City and County of Denver, supra.* Some matters are not exclusively of local or statewide concern, but are properly of concern to both home-rule cities and the state. In these matters of "mixed" concern, local enactments and state statutes may coexist if they do not conflict. *DeLong v. City and County of Denver, supra.*

Although "conflict" between the language or policies of state statutes and local enactments in areas of statewide or of "mixed" concern often triggers state preemption of the subject matter involved, *see Frick v. Abell*, 198 Colo. 508, 602 P.2d 852 (1979); *Pierce v. City and County of Denver*, 193 Colo. 347, 565 P.2d 1337 (1977), the mere enactment of legislation by the General Assembly governing a particular subject matter may evince, in some cases, an intent by the state to preempt the field in that area. *See City of Aurora v. Martin*, 181 Colo. 72, 507 P.2d 868 (1973); *City of Golden v. Ford*, 141 Colo. 472, 348 P.2d 951 (1960). The determination of whether the General Assembly has intended to occupy exclusively a particular area of legislation depends upon an analysis of the statutory language used, the purpose and scope of the legislative scheme, and the factual circumstances controlled by the legislation. *City of Golden v. Ford, supra.*

The Colorado Social Services Code (Code), § 26–1–101 *et seq.*, C.R.S.1973, is a comprehensive legislative scheme addressing both the administrative and substantive aspects of Colorado's social services system. The express purpose of the Code is to promote the public health and welfare of Colorado's citizens "through the state department and through the county departments in accordance with state department rules and regulations ...." Section 26–1–102(1), C.R.S.1973 (1981 Cum.Supp.). That the social services system is a matter of statewide rather than local or municipal concern is apparent. *Evert v. Ouren*, 37 Colo.App. 402, 549 P.2d 791 (1976). For example, the Code relegates to local departments of social services the subordinate position of being agents of the Colorado Department. Section 26–1–118(1), C.R.S.1973;

*Martin v. District Court*, 191 Colo. 107, 550 P.2d 864 (1976); *Board of County Commissioners v. State Board of Social Services*, 186 Colo. 435, 528 P.2d 244 (1974). Local departments are bound by, *inter alia*, the fiscal and personnel rules established by the State Board of Social Services. Sections 26–1–108(2) and 26–1–119, C.R.S.1973; *Martin v. District Court, supra.*

Our analysis of the legislative scheme establishing Colorado's social services system convinces us that, except when expressly stated to the contrary, *see* § 26–1–117(1), C.R.S.1973 (1981 Cum.Supp.), the General Assembly intended to preempt the entire field in all matters relating to the administration of personnel compensation. The Code is so pervasive as to imply an intent by the General Assembly to occupy this field.

Hence, Denver has no power or authority to interfere with or occupy this field, however reasonable the arguments for local salary supplementation might be. *See City of Golden v. Ford, supra.*

In *Evert v. Ouren, supra*, we held that "Denver is without the authority to set the salaries of the employees in the county social services department in the absence of statutory authorization to do so." We conclude that Denver is also without the authority to "supplement" the salaries of the employees of the Denver Department in the absence of statutory authorization to do so.

Plaintiffs also contend that the trial court erred in granting defendants' motion for summary judgment because a genuine issue of material fact exists respecting plaintiffs' employment status. We disagree.

Here, the trial court stated at the hearing on defendants' motion for summary judgment that although disputed issues of fact possibly existed concerning whether plaintiffs were Denver employees, state employees, or otherwise, such issues were irrelevant and immaterial. We agree. The legal determination that the compensation of the employees of the Denver Department is under the exclusive control of the state renders the employment status of such employees unimportant and irrelevant. *See Jones*

*v. Dressel*, Colo., 623 P.2d 370 (1981). Thus, in the absence of statutory authorization to do so, Denver is prohibited from supplementing plaintiffs' salaries here.

The judgment is affirmed.

STERNBERG and TURSI, JJ., concur.