The BOARD OF COUNTY COMMISSION-ERS OF the COUNTY OF JEFFER-SON, State of Colorado, and Nelson L. Nadeau, Director of the Jefferson County Department of Social Services, in their own behalf and in behalf of the Jefferson County Department of Social Services and the Jefferson County Board of Social Services, Plaintiffs-Appellants,

v.

The MERIT SYSTEM COUNCIL OF the STATE DEPARTMENT OF SOCIAL SERVICES, the State Department of Social Services, and Harry Havemeyer, Defendants-Appellees.

No. 82CA0612.

Colorado Court of Appeals,
Div. I.

Nov. 18, 1982.

Rehearing Denied Dec. 23, 1982.

Certiorari Denied May 2, 1983.

Patrick R. Mahan, Jefferson County Atty., Daniel E. Ramsey, Asst. County Atty., Golden, for plaintiffs-appellants.

Haddon, Morgan & Foreman, P.C., Lee D. Foreman, J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sp. Asst. Atty. Gen., Kenneth S. Lieb, Asst. Atty. Gen., Denver, for defendants-appellees.

KELLY, Judge.

The district court dismissed an action by the Jefferson County Board of County Commissioners and Nelson L. Nadeau, the director of the Jefferson County Department of Social Services, against defendants, Harry Havemeyer and the State Department of Social Services, on the ground that the plaintiffs are without standing to seek judicial review. We affirm.

The Jefferson County Department of Social Services suspended its employee, Harry Havemeyer, for a three-day period, and he appealed to the Merit System Council. The Merit System Council rejected the recommended decision of the hearing officer and entered an order supporting the Jefferson County Department's suspension.

Havemeyer then sought judicial review in the district court pursuant to § 24-4-106(4), C.R.S.1973 (1981 Cum.Supp.), making the Merit System Council and the State Department of Social Services parties defendants. While the Jefferson County Department of Social Services was the named party in the agency action, it was not named as a party in Havemeyer's judicial review proceeding. A settlement was negotiated and an order was entered dismissing the action and remanding the case to the Merit System Council for further proceedings. On remand, an order was entered by

the Merit System Council reinstating Havemeyer with back pay pursuant to the settlement agreement reached in the district court.

The Board of County Commissioners argues that § 24–4–106(4.5), C.R.S.1973 (1981 Cum.Supp.) gives it the right to seek judicial review of the order of the Merit System Council, urging that this section evinces legislative intent to depart from the rule of law announced in *Martin v. District Court,* 191 Colo. 107, 550 P.2d 864 (1976); *Board of County Commissioners v. State Board of Social Services,* 186 Colo. 435, 528 P.2d 244 (1974); and *Nadeau v. Merit System Council,* 36 Colo.App. 362, 363, 545 P.2d 1061 (1975). Our disposition of this case does not require so expansive a treatment of the issue.

Section 24–4–106(4.5) provides:

"[T]he Board of County Commissioners of any county of this state may commence an action in the Denver district court within the time limit set forth in subsection (4) of this section for judicial review of any agency action which is directed to any official, board, or employee of such county or which involves any duty or function of any official, board, or employee of such county ... *and to the extent that said official, board, or employee could maintain an action under subsection (4) of this section....*" (emphasis added)

Under this statute, the standing of the Board of County Commissioners depends upon the standing of the County Board and the County Department of Social Services to maintain an action for judicial review. We conclude that neither the County Board nor the County Department of Social Services has standing to seek judicial review under the circumstances here.

The provisions of § 24–4–106(4.5) have not enhanced the status of a County Board of Social Services beyond that of a subordinate division of the State Department of Social Services. *See Dempsey v. City and County of Denver,* 649 P.2d 726 (Colo.App. 1982). Pursuant to statute, County Boards of Social Services act as agents of the State Board, §§ 26–1–116 and 26–1–118, C.R.S.

1973, and are bound by the rules promulgated by the State Board. Section 26–1–108(1)(c)(IV) and (2), C.R.S.1973. *See Martin v. District Court, supra; Nadeau v. Merit System Council, supra.*

Here, the State Board of Social Services was a party to the judicial review proceedings initiated by Havemeyer, as a result of which a settlement agreement was reached. The County Board and the County Department of Social Services, as subordinates of the state agency, were bound by the State Department's actions settling the prior judicial review proceedings. Accordingly, the County Board and the County Department of Social Services were without standing to seek judicial review of the Merit System Council's order implementing the settlement agreement, and the Board of County Commissioners is likewise without standing to seek this judicial review.

In view of this conclusion, we need not address the other contentions.

Judgment affirmed.

COYTE and PIERCE, JJ., concur.