**JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES,**
Plaintiff–Appellant,

v.

**COLORADO STATE DEPARTMENT OF INSTITUTIONS; Colorado State Department of Social Services; Colorado Department of Education; Jefferson County R–1 School District; Ruben Valdez, Defendants–Appellees.**

No. 87CA1952.

Colorado Court of Appeals,
Div. II.

June 15, 1989.

Rehearing Denied July 13, 1989.
Certiorari Denied Dec. 18, 1989.

G.E. Shields, P.C., G.E. Shields, Lakewood, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Anthony S. Trumbly, Asst. Atty. Gen., Denver, for defendants-appellees.

Caplan and Earnest, Gerald A. Caplan, Joy Fitzgerald and Susan S. Schermerhorn, Boulder, for Jefferson County School Dist. No. R–1.

Opinion by Judge SMITH.

Jefferson County Department of Social Services (county department) appeals from the trial court's dismissal of this action brought by the State Department of Social Services (state department), the Department of Education, the Department of Institutions, Jefferson County R–1 School District (State Defendants), and Ruben Valdez, in his capacity as Executive Director of The State Department of Social Services. We affirm.

This dispute arose when the state department decided not to reimburse the county department for foster care expenditures which were made in excess of the allocation authorized under § 26–1–122, C.R.S. (1982 Repl.Vol. 11) and § 19–3–120(1), C.R.S. (1986 Repl.Vol. 8B).

Following this decision by the state department, the county department filed a civil action against the parents of six developmentally disabled children in order to collect the excess funds it had expended for the childrens' foster care. The county department also named the State Defendants as parties based upon what it alleges is their statutory liability for part or all of the costs of the childrens' foster care.

To bolster its claim against the State Defendants, the county department obtained assignments from the childrens' parents to enforce any rights the parents might have against the state department or the other defendants. Upon obtaining these assignments, the county department amended its complaint by adding Ruben Valdez as a party defendant and alleging that the formula allocating federal foster care funds devised by Valdez deprived the parents of equal protection of the laws in violation of 42 U.S.C. § 1983 (1982).

The trial court dismissed all claims against the state department and the other defendants after ruling that, as a matter of law, the county department lacked standing to bring the action and that it had failed to state any claims upon which relief could be granted.

## I.

■ The county department first contends that the trial court erred in ruling as a matter of law that it lacked standing to bring suit against the State Defendants. We disagree.

The county department, while acknowledging that it is an agent of the state department of social services, argues that §§ 26-1-102, 26-1-118, and 26-5-102, C.R.S. (1982 Repl.Vol. 11) expressly obligate the county department to assume excess foster care costs and that this obligation confers on it the right to enforce any duty owed by any of the the State Defendants to contribute to the costs of such care. The county department further argues that the overriding obligation of the county, and the state, to act in the childrens' best interests supports this statutory interpretation. We reject these arguments.

■ Absent express statutory authority, a county department of social services, as a subordinate state agency, lacks standing to seek judicial review of the actions of superior state agencies. *Martin v. District Court*, 191 Colo. 107, 550 P.2d 864 (1976); *Board of County Commissioners v. Love*, 172 Colo. 121, 470 P.2d 861 (1970).

A review of the statutes on which the county department relies fails to disclose any express authorization by which the county department may challenge any actions of the state department or of the other State Defendants. Sections 26-1-102, 26-1-118, and 26-5-102, C.R.S. (1982 Repl.Vol. 11) clearly recognized a county department's role as an agent of the state whose duties are limited to the *administration* of the *state's* obligation to provide public assistance and welfare. These statutory sections expressly provide that such administration shall be in accordance with the state department's rules and regulations. We find no support for the county department's assertion that it possesses express statutory authority to bring this suit.

We likewise find no merit in the county department's argument that the state and county's overriding obligation to act in the childrens' best interest confers the authority upon it to bring this suit even in the absence of statutory authority. *Board of County Commissioners v. Love, supra.*

Finally, the county department asserts that its right to bring actions under § 13-51-101, et seq., C.R.S. (1987 Repl.Vol. 6A) (the declaratory judgment act) provides statutory authority to challenge the actions of the state department and the other state defendants. However, since any authority the county department has to sue exists only by virtue of delegation by the state department, or by specific authorization, this argument must also fail. *Board of County Commissioners v. Love, supra.*

## II.

Alternatively, the county department contends that assignment of the parents' causes of action against any or all of the state defendants confers the requisite standing for the county department to bring this suit. We disagree.

### A.

■ First, the county department argues that because the assignments are expressly authorized under § 26-1-118(5), C.R.S. (1982 Repl.Vol. 11) and the obligation to collect foster care costs has been expressly delegated by the state department to county departments of social services under § 26-13-113, C.R.S. (1982 Repl.Vol. 11), the assignments executed by the parents confer standing upon it to enforce the state defendants' obligations to pay for foster care. We disagree.

The statutory provisions on which the county department relies clearly contemplate a county department of social services' statutory duty as *administrator* of the state department's foster care policies. The assignments to which the county department refers, § 26-1-118(5), C.R.S. (1982 Repl.Vol. 11) are subject to the state department's oversight. The right to receive assignments for foster care expenditures set out in § 26-13-113, C.R.S. (1982 Repl.Vol. 11) is vested squarely in the state department. It has, in turn, by rule and regulation delegated to county department

of social services, not the right to such assignment, but rather, the responsibility to enforce such right.

As a subordinate agency of the state, a county department of social services has no rights or privileges as far as these powers and duties are concerned which are distinct from those of the state department. *Board of County Commissioners v. State Board of Social Services,* 186 Colo. 435, 528 P.2d 244 (1974). We therefore hold that the assignments do not confer standing on the county department to enforce the parents' alleged claims against the state or its agencies.

### B.

■ Second, the county department argues that the assignments confer standing on the county department to assert the parents' civil rights claims under 42 U.S.C. § 1983 (1982) against Ruben Valdez and the state department.

■ As a general rule, a person does not have standing to assert the constitutional rights of another person even under an assignment of that person's claim. However, the relationship between the litigant and the person whose rights he seeks to assert and the inability of the third party to assert his own rights may, on occasion, justify the litigant as the proper proponent of the third parties' rights. *Singleton v. Wulff,* 428 U.S. 106, 96 Ct. 2868, 49 L.Ed.2d 826 (1976); *Carter v. Romines,* 560 F.2d 395 (8th Cir.1977). *Augustin v. Barnes,* 626 P.2d 625 (Colo.1981).

Here, no attempt was made to show that the parents were unable to assert their own rights. We therefore conclude that the county department failed to show it had standing to assert the rights of the parents under 42 U.S.C. § 1983.

### III.

Because we conclude that the county department lacks standing to bring suit against the state department as well as the other State Defendants, it is not necessary for us to address the remaining issues raised on appeal.

The judgment is affirmed.

STERNBERG and FISCHBACH, JJ., concur.