The **BOARD OF SOCIAL SERVICES OF ADAMS COUNTY; the Board of Commissioners of Adams County, State of Colorado; Elaine Valente, Harold Kite and James Nelms, Commissioners thereof; the Department of Social Services of the County of Adams; and Jane Gilman, as social worker and supervisor of defendant county, and individually, Third–Party Plaintiffs–Appellants,**

v.

The **DEPARTMENT OF SOCIAL SERVICES OF the STATE OF COLORADO; the State Board of Social Services of the State of Colorado; Karen Beye, Acting Executive Director of the Department of Social Services of the State of Colorado; and Gale Norton, Attorney General of the State of Colorado, Third–Party Defendants–Appellees.**

No. 93CA1377.

Colorado Court of Appeals, Div. V.

Dec. 15, 1994.

Rehearing Denied March 9, 1995.

Certiorari Denied Aug. 21, 1995.

**408**

Adams County Attorneys Office, Robert J. Loew, Sylvia V. Kirk, Brighton, for third-party plaintiffs-appellants.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Timothy R. Arnold, Deputy Atty. Gen., Denver, for third-party defendants-appellees.

Opinion by Judge TAUBMAN.

In this declaratory judgment action concerning the obligation of the state to indemnify and/or defend counties, third-party plaintiffs, the Adams County Department of Social Services and related parties (the County), appeal the summary judgment entered in favor of third-party defendants, the Colorado Department of Social Services, Attorney General Gale Norton, and related parties (the State). We affirm, but for reasons different from those articulated by the district court.

The controversy here arises out of an underlying tort action brought by Wendall and Patricia Haddorff, who are not involved in this appeal. They brought suit against the County, asserting claims of wrongful reporting of a charge of child abuse, improper termination of a day care license, and wrongful termination of a day care services contract. The County then filed a third-party complaint against the State, contending that the attorney general was obligated to defend the Haddorffs' claim and that, in any event, the State was required to indemnify the County if it were found liable on the underlying claims.

The facts presented concerning the Haddorff action are not in dispute. The County received an allegation that Wendall Haddorff had physically abused his stepson. A social worker from the County investigated and filed a child abuse report with the State

Central Registry for Child Protection. As a result, the County terminated the day care services contract which existed between it and Patricia Haddorff and recommended to the State that the Haddorffs' day care license not be renewed.

Upon receipt of the child abuse report from the County, the State placed Wendall Haddorff's name in the Central Registry. As a result of his appeal, however, the State expunged his name from the Central Registry. Subsequently, the State decided to renew the Haddorffs' day care license. The State had no involvement with the decisions to investigate the allegation of child abuse, to recommend that the license not be renewed, or to terminate the contract.

Challenging the County's actions, the Haddorffs brought the underlying action asserting claims of libel, outrageous conduct, and interference with contractual rights. However, they made no allegations within their complaint against the State.

Following the filing of the third-party complaint and third-party answer, the trial court found in favor of the State on cross-motions for summary judgment. Specifically, it held that the Haddorffs' claims were based on allegedly improper performance of functions specifically given to the county departments of social services under § 19–3–308(1), C.R.S. (1994 Cum.Supp.) and that the County social worker, Jane Gilman, a third-party plaintiff, was acting under the day-to-day supervision and control of the County and, therefore, was acting as a County employee. Accordingly, it held that the State was not responsible for indemnifying or defending the County. The trial court entered a final judgment pursuant to C.R.C.P. 54(b), and this appeal by the County followed.

Because it was revealed during oral argument that the underlying controversy between the Haddorffs and the County had been settled after the completion of briefs, we requested that the parties submit supplemental briefs concerning the applicability of the Colorado Governmental Immunity Act (CGIA), § 24–10–101, et seq., C.R.S. (1988 Repl.Vol. 10A) and the effect of settlement on the issues presented.

As a preliminary matter we note that the General Assembly has restructured the Department of Social Services. Effective July 1, 1994, the Social Services Code, § 26–1–101, et seq., C.R.S. (1989 Repl.Vol. 11B), became the Human Services Code, § 26–1–101, et seq., C.R.S. (1994 Cum.Supp.). As a result, many of the rights, powers, duties, functions, and obligations of the State Department of Social Services, including those at issue here, have been transferred to the newly created Department of Human Services. Section 26–1–105.5(1)(a), C.R.S. (1994 Cum.Supp.). However, the General Assembly expressly provided that no suit, action, or other proceeding commenced prior to July 1, 1994, against the departments or officers thereof shall abate by reason of the transfer of duties and functions. Section 26–1–105.5(7), C.R.S. (1994 Cum.Supp.). Thus, the statutory revisions do not appear to affect the substantive issues in this case. *See* §§ 26–1–105.5(5) and 26–1–105.5(8) (1994 Cum.Supp.).

### I. Waiver of Sovereign Immunity

■ The County argues that because the State has refused to defend or indemnify this or similar tort claims against the County, it has waived sovereign immunity with respect to the underlying tort claims presented here. We disagree.

Section 24–31–101(1)(e), C.R.S. (1988 Repl. Vol. 10A) provides in pertinent part:

Whenever the attorney general is unable or has failed or refused to provide legal services to an agency of state government, as determined by the governor if the agency is in the executive branch ... such agency may employ counsel of its own choosing to provide such legal services. Any expense incurred by reason of the employment of counsel pursuant to this paragraph (e) shall be a lawful charge against appropriations for this purpose made by the general assembly to the department of law.

Relying on this statute, the County contends that because the attorney general has "failed or refused" to provide legal services to it, it may represent itself and its employees and subsequently seek reimbursement

from the attorney general for both the cost of legal services and the payment of any settlement or judgment against it. However, we conclude that this statute is inapplicable and that there has been no waiver of sovereign immunity.

Even if we assume that the County is an agency of the State, the record does not reveal, and the County does not assert, that there has been any determination by the governor that there has been a failure or refusal to provide legal services here. Thus, although we recognize that the CGIA is in derogation of the common law, and the legislative grants of immunity must be strictly construed, *Bertrand v. Board of County Commissioners*, 872 P.2d 223 (Colo.1994), we nevertheless conclude that the State has not waived sovereign immunity with respect to the underlying tort claims here.

## II. Applicability of CGIA to County Employee

■ Waiver aside, the County maintains that the State is obligated to defend against and indemnify the claim by third-party plaintiff Gilman under the CGIA. We are not persuaded.

Under § 24–10–110(1)(a), C.R.S. (1988 Repl.Vol. 10A), a public entity is liable for the costs of the defense of any of its public employees whether such defense is assumed by the public entity or by other counsel. This statute applies when the claim against the public employee arises out of injuries sustained from an act or omission of such employee occurring during the performance of his or her duties and within the scope of employment, unless such act or omission is willful and wanton.

Additionally, § 24–10–110(1)(b)(I), C.R.S. (1988 Repl.Vol. 10A) and § 24–10–110(1.5)(b), C.R.S. (1988 Repl.Vol. 10A) provide that a public entity is liable for the payment of judgments, settlements, costs of defense, and reasonable attorney fees that arise from a public employee's negligence during the performance and within the scope of the employee's duties. An exception to the statutory protection exists if the employee compromises or settles the claim without the consent of the public entity.

Further, § 24–10–110(2), C.R.S. (1988 Repl.Vol. 10A) provides that a public entity's obligation to defend and/or indemnify its public employee "shall not apply where a public entity is not made a party defendant in an action and such public entity is not notified of the existence of such action in writing by the plaintiff or such employee within fifteen days after commencement of the action."

Section 24–10–103(5), C.R.S. (1994 Cum. Supp.) of the CGIA defines "public entity" as, *inter alia*, the state, county, and every other kind of district, agency, instrumentality, or political subdivision of the state organized pursuant to law.

Here, it is undisputed that the underlying complaint was settled by the County without the involvement or knowledge of the State. Hence, even if we assume that Gilman may be considered an employee of the State, her failure to obtain its consent precludes her claim of indemnification or payment of legal costs against the State. *See* §§ 24–10–110(1)(b)(I) and 24–10–110(1.5)(b), C.R.S. (1988 Repl.Vol. 10A).

Additionally, since the State was not made a party defendant to the original action and, in any event, since Gilman failed to notify the State in writing within fifteen days of the commencement of the action against her, any claim Gilman may have against the State is barred by § 24–10–110(2), C.R.S. (1988 Repl. Vol. 10A).

Accordingly, we conclude that Gilman's claim for indemnification and costs of defense against the State is barred by the CGIA.

## III. Applicability of CGIA to County

■ The County next contends that the County and its employees were acting as agents or "arms" of the State and, therefore, the State is obligated to indemnify the County parties if they are found liable. Because we conclude that there has been no waiver of immunity under the CGIA, we reject this assertion.

A division of this court has held that a county department of social services was acting as an agent of the State Department of

Social Services in administering public assistance, welfare, and related activities. *Cobbin v. City & County of Denver,* 735 P.2d 214 (Colo.App.1987). Similarly, the supreme court has declared that a county department of social services fulfills "its traditional role as an arm of the state, existing only for the convenient administration of the state government and to carry out the will of the state." *See Board of County Commissioners v. State Board of Social Services,* 186 Colo. 435, 442, 528 P.2d 244, 247 (1974).

Thus, even if we assume that three of the third-party plaintiffs are solely agents of the state, the Adams County Board of Social Services, the Adams County Department of Social Services, and Gilman, under the CGIA, "a public entity shall be immune from liability in all claims for injury which lie in tort or could lie in tort ... except as provided otherwise in this section...." Section 24–10–106(1), C.R.S. (1988 Repl.Vol. 10A). Since the enumerated exceptions are not applicable here and the Haddorffs' claims were predicated upon tort allegations, no relief could properly be obtained against either the County or the State.

IV. Attorney General's Duty to Defend

■ Finally, to the extent that the County contends that § 24–31–101(1)(a), C.R.S. (1988 Repl.Vol. 10A) requires the attorney general to defend it here, we reject that assertion.

Section 24–31–101(1)(a) requires that the attorney general "shall appear for the state and prosecute and defend all actions and proceedings, civil and criminal, in which the state is a party or is interested when required to do so by the governor, and [s]he shall prosecute and defend for the state all causes in the appellate courts in which the state is a party or interested."

The attorney general's obligation to represent the State in civil actions extends only to situations in which the attorney general's participation is "required" by the governor, and there is no evidence in the record that the governor has so required here. Also, the last phrase of the statute, which does not require gubernatorial involvement, applies only to "causes in the appellate courts," and

thus is not applicable to the County's contention that the trial court erred here.

Accordingly, no duty was imposed on the attorney general under § 24–31–101, C.R.S. (1988 Repl.Vol. 10A) to defend the County here.

The judgment is affirmed.

RULAND and BRIGGS, JJ., concur.