Jane C. GILMAN, Plaintiff,

v.

STATE of Colorado; Colorado Board of Social Services, n/k/a Colorado Board of Human Services, Defendants and Cross–Claim Respondents–Appellees,

and

Board of County Commissioners, County of Adams, a governmental entity; Adams County Department of Social Services, Defendants,

and

Douglas Price, individually and in his official capacity as the Director of the Adams County Department of Social Services; Allen Murphy, individually and in his professional capacity; Pauline Burton, individually and in her professional capacity, Defendants, Cross–Claimants and Third–Party Plaintiffs–Appellants,

v.

Gale NORTON, Third–Party Defendant–Appellee.

No. 95CA0244.

Colorado Court of Appeals, Div. II.

July 11, 1996.

As Modified on Denial of Rehearing Sept. 19, 1996.

Certiorari Granted March 3, 1997.

No Appearance for Plaintiff.

Robert J. Loew, County Attorney, Marlene T. Gresh, Assistant County Attorney, Claire Diaz, Assistant County Attorney, Brighton, for Defendants, Cross–Claimants and Third–Party Plaintiffs–Appellants.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Beverly Fulton, Assistant Attorney General, Denver, for Defendants and Cross–Claim Respondents–Appellees and Third–Party Defendant–Appellee.

Opinion by Judge MARQUEZ.

In this action seeking a declaratory judgment requiring the Colorado Attorney General to represent, and the State of Colorado to indemnify, certain employees of the Adams County Department of Social Services (ACDSS), cross-claimants and third-party plaintiffs, Douglas Price, Director of ACDSS, and Pauline Burton, in their official and individual capacities; and Allen Murphy, in his official capacity, (cross-claimants) appeal from a summary judgment in favor of State of Colorado and Colorado Board of Social Services, n/k/a Colorado Board of Human Services (*see* § 26–1–107, C.R.S. (1995 Cum.Supp.)) and third-party defendant, Gale Norton, Colorado Attorney General (state defendants). We affirm in part, reverse in part, and remand for further proceedings.

The underlying controversy here consists of various claims arising from the alleged constructive discharge of plaintiff, Jane C. Gilman, from her employment with ACDSS.

ACDSS, through the Adams County Board of Social Services, and cross-claimants filed identical cross-claims against the State of Colorado and Colorado Board of Social Services and third-party complaints against the Colorado Attorney General seeking declara-

tory relief pursuant to C.R.C.P. 57. These cross-claims and third-party complaints sought declarations that ACDSS is an agent or "arm" of the state, that ACDSS employees are state employees, that the Colorado Attorney General is responsible for providing ACDSS and its employees a legal defense, and that the state is obligated to indemnify them for any liabilities, settlements, or judgments incurred.

State defendants moved for summary judgment on the crossclaims and third-party complaints filed by Murphy, Price, and Burton, but not those asserted by ACDSS. Price, Burton, and Murphy jointly filed a cross-motion for summary judgment.

The trial court concluded that the attorney general was not obligated to provide cross-claimants' defense because they were not members of the state personnel system, and that the county, not the state, was obligated to indemnify cross-claimants because, "[a]lthough there [was] a strong relationship between the state and the county department of social services, the employees in question [were] in fact county employees."

As a result, the trial court granted summary judgment in favor of state defendants, and, following certification of the judgment pursuant to C.R.C.P. 54(b), this appeal ensued.

### I.

■ Cross-claimants first contend that the trial court erred in concluding they were not entitled to representation by the attorney general under § 24–31–101, C.R.S. (1988 Repl.Vol. 10A). We disagree.

Section 24–31–101(4), C.R.S. (1988 Repl. Vol. 10A) provides in pertinent part:

Upon the request of any employee *in the state personnel system*, it is the duty of the attorney general to represent such employee in any civil action or administrative proceeding instituted against such employee, either in his official or individual capacity if the action or proceeding arises out of performance of such employee's official duties as determined by the attorney general . . . . (emphasis added)

Thus, under the plain language of the statute, cross-claimants are entitled to representation by the attorney general only if they are "in the state personnel system."

■ Summary judgment is appropriate if the pleadings and other relevant documents, when viewed in the light most favorable to the non-moving party, establish the absence of a triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Our review of an order granting summary judgment is plenary. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board,* 901 P.2d 1251 (Colo.1995).

When a motion for summary judgment is made and supported as provided in C.R.C.P. 56, an adverse party may not rest upon the mere allegations or denials of the opposing party's pleadings, but the opposing party's response by affidavits or otherwise, as provided in the rule, must set forth specific facts showing that there is a genuine issue for trial. C.R.C.P. 56(e).

State defendants attached portions of cross-claimant Price's deposition to their motion for summary judgment in which he stated that he was not in the state personnel system. In their response, cross-claimants did not oppose this statement by affidavit or as otherwise provided in C.R.C.P. 56.

In addition, cross-claimants concede in their response to motion for summary judgment and cross-motion for summary judgment that employees of county departments of social services are not employees in the state personnel system, and that § 26–1–120, C.R.S. (1989 Repl.Vol. 11B) establishes a separate personnel merit system for employees of county departments of social services. *Cf. In re Interrogatories by Governor,* 106 Colo. 475, 106 P.2d 464 (1940) (employees in the county departments of public welfare are not state employees in the classified civil service within the meaning of Colo. Const. Art. XII, § 13).

Since cross-claimants have failed to demonstrate the existence of a triable issue, we conclude, as a matter of law, that Price, Murphy, and Burton were not entitled to representation by the attorney general under

§ 24–31–101(4), because they were not in the state personnel system.

## II.

■ Cross-claimants next contend that the court erred in concluding they were not entitled to seek indemnification from the state under § 24–10–110, C.R.S. (1988 Repl.Vol. 10A). We agree.

Under § 24–10–110(1)(a), C.R.S. (1988 Repl.Vol. 10A), a "public entity" is liable for the "costs of the defense of any of its public employees ... where the claim against the public employee arises out of injuries sustained from an act or omission of such employee occurring during the performance of his duties and within the scope of his employment, except where such act or omission is willful and wanton...."

In addition, § 24–10–110(1), C.R.S. (1988 Repl.Vol. 10A) and § 24–10–110(1.5), C.R.S. (1988 Repl.Vol. 10A), with certain exceptions, provide that a public entity is liable for the payment of judgments, settlements, costs of defense, and reasonable attorney fees that arise from a public employee's negligence during the performance and within the scope of the employee's duties.

Pursuant to § 24–10–103(4)(a), C.R.S. (1995 Cum.Supp.), "public employee" generally means an "officer, employee, servant, or authorized volunteer of the public entity, whether or not compensated, elected, or appointed, but does not include an independent contractor...."

Section 24–10–103(5), C.R.S. (1995 Cum. Supp.), in turn, provides:

'Public entity' means the state, county, city and county, municipality, school district, special improvement district, and every other kind of district, agency, instrumentality, or political subdivision thereof organized pursuant to law and any separate entity created by intergovernmental contract or cooperation only between or among the state, county, city and county, municipality, school district, special improvement district, and every other kind of district, agency, instrumentality, or political subdivision thereof.

County departments of social services act as agents of the State Department of Social Services, n/k/a Department of Human Services, (see § 26–1–105, C.R.S. (1995 Cum. Supp.)), in administering public assistance, welfare, and related activities. *Wigger v. McKee*, 809 P.2d 999 (Colo.App.1990); § 26–1–118(1), C.R.S. (1995 Cum.Supp.). The county departments are functional divisions of the state department for the convenient administration of the state program and are not independent entities separate and distinct from the state. *Board of County Commissioners v. State Board of Social Services*, 186 Colo. 435, 528 P.2d 244 (1974); *Nadeau v. Merit System Council*, 36 Colo.App. 362, 545 P.2d 1061 (1975).

For purposes of summary judgment, it is undisputed that cross-claimants are "employees" of ACDSS. Based on the foregoing, we conclude that, insofar as they are involved in the administration of the state program, they are likewise employees of the state. We further conclude that cross-claimants are "public employees" of the state within the meaning of § 24–10–103(4)(a), and are entitled to seek indemnification from the state pursuant to § 24–10–110.

Accordingly, it was error for the trial court to grant summary judgment in favor of state defendants on this issue.

## III.

■ To the extent that cross-claimants seek representation by the attorney general and/or indemnification from the state on common law agency grounds, that argument is raised for the first time on appeal, and accordingly, we decline to address it. *See In re Marriage of Christen*, 899 P.2d 339 (Colo. App.1995).

The portion of the trial court's judgment concluding that the attorney general is not obligated to provide a defense for cross-claimants is affirmed. The portion of the judgment concluding that, as a matter of law, the state is not liable for cross-claimants' costs of defense and payment of judgment is

reversed, and the cause is remanded for further proceedings consistent with this opinion.

PLANK and ROTHENBERG, JJ., concur.